### THE CITY OF BELFAST.

(District Court, E. D. Pennsylvania. February 18, 1905.)

#### No. 49.

**1. SHIPPING—INJURIES TO STEVEDORE—DEATH—ACTIONS—SURVIVAL.**

Act Pa. 1851, § 18 (P. L. 674), declares that no action to recover damages for injury to the person by negligence shall abate by reason of plaintiff's death, but the personal representative of the deceased may be substituted as plaintiff. Section 19 provides that whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his or her life, the widow of such deceased, or, if there be no widow, the personal representatives, may maintain an action and recover damages for the death thus occasioned,

and Act 1855 (P. L. 309) designates the persons who may exercise the right conferred by section 19. *Held* that, while section 19 created a new right to sue, section 18 merely continued a common-law right of action for personal injury after plaintiff's death, and hence, under such section, where a stevedore in his lifetime filed a libel in admiralty against a ship for injuries sustained in unloading by the ship's alleged negligence, the libel did not abate on libelant's death, but might be properly continued in the name of his personal representative.

2. SAME—BONDS—DISCHARGE.

A bond, having been executed to relieve the ship from liability under a libel for injuries to a stevedore, was continued in force after libelant's death to secure any judgment which libelant's personal representative might subsequently recover.

Motions to Substitute Administrator and to Cancel Bond.

John F. Lewis, Francis C. Adler, and Francis S. Laws, for libelant. Convers & Kirlin and Henry R. Edmunds, for respondent.

J. B. McPHERSON, District Judge. This action in rem was brought by George Basel against the steamship City of Belfast to recover damages for personal injury sustained by the neglect of the vessel's servants. The injury was done while the libelant was at work as a stevedore in discharging cargo, the ship being moored in the Schuylkill river below Gray's Ferry. The case is still pending, but the libelant has recently died, and in consequence of his death two motions have been made and are now before the court—one to substitute the decedent's administrator as libelant, and the other on behalf of the steamship to cancel the claimant's bond on the ground that the action has abated by reason of the death. The case of The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358, decided that a suit in admiralty could not be maintained for negligence causing the death of a human being upon the high seas or upon waters navigable from the sea in the absence of an act of Congress or a statute of a state giving a right of action therefor. And in The Corsair, 145 U. S. 347, 12 Sup. Ct. 949, 36 L. Ed. 727, it was further held that, although the statute of a state had given a right of action to the minor children or widow of the deceased, an action in rem could not be maintained, because such an action was founded upon a maritime lien, and no lien had been given by the statute of Louisiana that was then under consideration. In the present case, however, the action was not brought to recover damages for a death, but by the injured man himself to recover the damages properly due to him, and no statute was needed to permit the bringing of such a suit. But at common law, and in the admiralty as well, the suit would abate by the libelant's death, and therefore the motion to substitute the administrator and proceed with the cause requires the production of statutory support. This is found in the Pennsylvania act of 1851, § 18 (P. L. 674), which reads as follows:

"That no action, hereafter brought to recover damages for injury to the person by negligence or default, shall abate by reason of the death of the plaintiff, but the personal representatives of the deceased may be substituted as plaintiff, and prosecute the suit to final judgment and satisfaction."

Section 19 provides for the contingency that the injured person may have died as a consequence of the wrongdoer's negligent act before he has brought a suit, and enacts:

"That, whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his, or her, life, the widow of any such deceased, or, if there be no widow, the personal representatives, may maintain an action for, and recover damages for, the death thus occasioned."

The act of 1855 (P. L. 309) designates the persons who may exercise the right conferred by section 19, but, as has been decided by the Supreme Court of Pennsylvania in McCafferty v. Railroad Co., 193 Pa. 345, 44 Atl. 436, 74 Am. St. Rep. 690:

"Under these acts two actions cannot be sustained for the same injury. If the party injured has brought an action and died, it may be continued by his executor or administrator for the benefit of his estate, but in such a case no new action can be brought under section 19. If he has not brought an action, the parties designated by the act of 1855 may do so, and the recovery is in their right. If the action is continued for the benefit of the estate, the measure of damages is the loss sustained by the injured party. In the opinion in Maher v. The Traction Co., 181 Pa. 617, 37 Atl. 571, it was said by the present chief justice: 'As the action had been brought in the lifetime of the injured party, and had survived by virtue of section 18 of the act of 1851, it logically follows that the damages recovered by her personal representatives should be the same as she could have recovered had death not ensued. Included therein are damages for her pain and suffering up to the time of her death, and diminution of earning power during a period of life which she would have probably lived had the accident not happened. It is a mistake to suppose that the recovery in this case is for the death. It is still for the personal injury.'"

This ruling was repeated in Edwards v. Gimbel, 202 Pa. 30, 51 Atl. 357, and it is settled, therefore, by these decisions that the decedent's right in the present case to recover for the injury done to himself was not extinguished by his death.

It remains to inquire whether the remedy against the ship has been interfered with by the death, or whether the administrator may go on with the suit as he finds it. It is no doubt true that, if the deceased had not sued in his lifetime, and an action had been brought to recover damages for his death, the proceeding in rem could not have been resorted to, because the Pennsylvania statute does not give a lien in such a case. The Corsair, supra; The Willamette, 70 Fed. 874, 18 C. C. A. 366, 31 L. R. A. 715; and note to Brown v. Electric Rwy. Co., 70 Am. St. Rep. 681. But the two sections of the act of 1851 deal with separate and independent rights. Section 19 creates a new right to sue, and, taken in connection with the act of 1855, designated the persons who may be parties plaintiff; while section 18 is concerned with the common-law right to sue for personal injury inflicted by the negligence of another, and merely provides that such right shall continue to exist in spite of the plaintiff's death. It seems to me that this right and the remedy that has been chosen to enforce it are inseparable, and that the administrator does no more than take the place of the decedent in order to carry on the suit as the latter would have carried it on if he had not died. The seizure of the ship and the claimant's bond are intended to provide

security that the right shall be satisfied; and, since the right is preserved by the statute, I do not know upon what ground the security is to be taken away. The measure of damages is precisely the same as if the death had not occurred, and the money goes to his near relatives in the same proportion as if he had recovered it himself, and had died intestate. In no respect save the substitution of the personal representative does the action suffer any change, and I do not see upon what reasonable ground a court can decide that a form of action which was properly at the decedent's command in his lifetime is no longer available merely because he has died, and his personal representative must therefore carry on the suit to the end.

The motion to substitute the administrator as libelant is granted, and the motion to cancel the claimant's bond is refused.