### In re HOLMBERG'S ESTATE.

(District Court, N. D. California, S. D.    January 15, 1912.)

SEAMEN (§ 32*)—EFFECTS—RIGHT TO POSSESSION.

The treaty with Sweden (Treaty Series No. 557) by article 14, provides that, in the event of any citizen of either Sweden or the United States dying without will in the territory of the other, the consul general, consul, vice consul general or vice consul of the country to which the seaman belongs shall, so far as the laws of each country will per-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mit. and pending the appointment of an administrator, and 'until letters of administration have been granted, take charge of the property left by the deceased for the benefit of his lawful heirs and creditors, and have the right to be appointed administrator of his estate. Code Civ. Proc. Cal. § 1365, after specifically enumerating certain persons to whom administration shall issue and the order in which they are entitled thereto, provides that letters may be granted to any person legally competent. Rev. St. U. S. § 4544 (U. S. Comp. St. 1901, p. 3086), provides that, when a seaman dies intestate and his assets do not exceed $300, they shall be paid into the Circuit Court, and may by the court be ordered delivered to any claimants who may prove themselves either to be widow or children, or be entitled to the effects of deceased under his will, or under any statute or common law, or be entitled to procure probate or take out letters of administration or confirmation, though no such letters have been taken out. *Held*, that since it is not necessary, to meet the requirements of section 4544, that an applicant for the property of a deceased seaman shall appear to have the exclusive right to administer, where a seaman, who was a subject of the king of Sweden, died in the United States, and his property was turned into the registry of the Circuit Court as provided, the Swedish consul, being authorized to administer the assets of his estate under the treaty, was competent to receive such assets.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 215–217; Dec. Dig. § 32.*]

In the matter of the estate and effects of A. Holmberg, a deceased seaman. On application of the Swedish consul to have the decedent's moneys and effects delivered to him. Granted.

E. Lyders, for petitioner.

VAN FLEET, District Judge. This is an application to the court by the consul of his majesty, the king of Sweden, to have paid over and delivered to him, in his official capacity, the money and effects heretofore, in pursuance of the provisions of the Revised Statutes (section 4538 et seq. [U. S. Comp. St. 1901, p. 3083]), turned into the registry of this court, belonging to the above-named deceased, a native and subject of the kingdom of Sweden, serving at the time of his death as a seaman on board an American merchant vessel, and leaving no will or known relatives or next of kin in this country.

The only question arising is whether the applicant is one entitled under the law to receive the property in question and give due acquittance therefor. Section 4544, R. S. (page 3086), so far as pertinent to the inquiry, provides:

"If the money and effects of any seaman or apprentice paid, remitted, or delivered to the circuit court, including the moneys received for any part of his effects which have been sold, either before delivery to the circuit court, or by its directions, do not exceed in value the sum of three hundred dollars, then, subject to the provisions hereinafter contained, and to all such deductions for expenses incurred in respect to the seaman or apprentice, or of his money and effects, as the said court thinks fit to allow, the court may pay and deliver the said money and effects to any claimants who can prove themselves either to be his widow or children, or to be entitled to the effects of the deceased under his will, or under any statute, or at common law, or to be entitled to procure probate, or take out letters of administration or confirmation, although no probate or letters of administration or confirmation have been taken out, and shall be thereby discharged from

all further liability in respect of the money and effects so paid and delivered."

The facts do not bring the applicant within the terms of this section as entitled to receive the surrender of the property, unless he comes within the designation of one "entitled to take out letters of administration or confirmation" upon the estate of the deceased. In this respect the existing consular convention or treaty between this government and Sweden (Treaty Series No. 557) has this provision in article 14:

"In the event of any citizens of either of the two contracting parties dying without will or testament, in the territory of the other contracting party, the consul general, consul, vice consul general, or vice consul shall, so far as the laws of each country will permit and pending the appointment of an administrator and until letters of administration have been granted, take charge of the property left by the deceased for the benefit of his lawful heirs and creditors, and, moreover, have the right to be appointed as administrator of such estate."

While the statute of California does not expressly make eligible or provide for the appointment of the representative of a foreign government, as such, as an administrator, it does provide (C. C. P. § 1365), after the specific enumeration of certain persons to whom letters shall issue, and the order in which they are entitled thereto, that they may be granted to "any person legally competent." Since the provisions of a treaty become a part of the law of the land, and are binding and obligatory upon the states, I am of opinion that the above-recited stipulation in our convention with Sweden has the effect to bring the applicant within the category of those "legally competent," under the statutes of California, to receive a grant of letters.

It is not necessary, to meet the requirements of section 4544, that the applicant shall appear to have the exclusive right to administer, but only that he shall be eligible to "take out letters"; and it is therefore unnecessary to determine whether the effect of the treaty would be such as to give him a first or paramount right thereto. It is enough to hold that he is, within the statute, one entitled to have the money and effects of the deceased paid and delivered to him, and the court be thereby "discharged from all further liability" therefor. The obvious purpose of the statute is to provide a brief, informal, and summary method of disposing of the money and effects of the class to which it relates, where they do not exceed in value the amount specified, in such manner as to reach those eventually entitled thereto, with the greatest expedition and the least expense, without the necessity of formal administration; and the provision of the treaty is in keeping with this purpose.

The application will be granted.