## THE STUDENT.

(District Court, D. Maryland. September 28, 1916.)

ADMIRALTY ☞51—PARTIES—DEATH—ABATEMENT.

A libel for injuries to a stevedore filed in the district of Maryland, whose Code Pub. Gen. Laws 1904, art. 75, § 26, provides that no action for personal injuries shall abate by reason of the death of the plaintiff, does not abate on the death of the libelant, whether the rule that even without statute it did not abate, or the rule that a state statute against abatement would be enforced in admiralty, be correct.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 430–432; Dec. Dig. ☞51.]

In Admiralty. Libel by Karmier Kruszewski against the steamship Student, and Terminal Shipping Company. On motion to dismiss the libel on the ground that it had abated because of the death of the libelant. Motion denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry B. Wolf and George T. Mister, both of Baltimore, Md., for plaintiff.

George Forbes and Walter L. Clark, both of Baltimore, Md., for respondents.

ROSE, District Judge. The libelant was a stevedore, and on the 2d day of June, 1916, was engaged in loading the respondent steamship. A slingload of copper fell from the top of the hatch, fractured his skull, and broke several of his ribs. On June 7th, he libeled the steamship for the injury so occasioned. A month later he died, whereupon the steamship moves that the libel be dismissed, because, as it says, "all proceedings under it have abated."

That was unquestionably the rule of the common law, and there are authorities to the effect that it was the rule of the admiralty. Such was the opinion of Judge Sprague in Crapo v. Allen, Fed. Cas. No. 3360, and also apparently of Judge McPherson in The City of Belfast (D. C.) 135 Fed. 208. The Circuit Court of Appeals for the Second Circuit, on the other hand, holds that in the admiralty the right to enforce a lien in rem was never affected by the death of the one entitled to such lien. It was a property right, and the death of its owner did not destroy it. In re Transfer, 221 Fed. 409, 137 C. C. A. 207.

Judge McPherson, in The City of Belfast, supra, held that an admiralty court, sitting in a state which by statute had provided that no action to recover damages for injury to a person by negligence shall abate by reason of the plaintiff's death, would give effect to such statute.

Section 26 of article 75, Maryland Code, specially declares that no such action shall abate by reason of the death of the plaintiff, but the personal representatives of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction.

If the Circuit Court of Appeals of the Second Circuit is right, the action would not have abated in a court of admiralty had Maryland not legislated on the question. If Judge McPherson is right, it does not now abate in this court, because Maryland has legislated. The result would be the same whichever reason be given for it.

The motion to dismiss will therefore be overruled, and permission be given to substitute the personal representatives of the deceased as libelants.