**In re BUCKLEY et al.**

District Court, D. Massachusetts.   July 11, 1929.

No. 1591.

Theodore Von Rosenvinge, of Boston, Mass., for deceased seamen.

Chas. J. Miller, of Boston, Mass., for Public Administrator.

MORTON, District Judge.   This rather interesting case presents the question whether the plaintiff, who has been appointed by the probate court of Suffolk county, Mass., administrator of ten deceased seamen, is entitled to receive from the clerk of this court certain sums which were paid to the Shipping Commissioner as wages of the decedents and were by the Commissioner deposited here. See Rev. St. §§ 4544 and 4545 (46 USCA §§ 627, 628).   The facts are settled by stipulation.

The decedents were members of the crew of the steamship David C. Reed, and were lost when she foundered at sea in October, 1928.   They belonged to various countries, two to the United States, three to the Philippine Islands, one to Hawaii, two to Sweden, one to Denmark, and one to Russia.   None of them ever resided in this commonwealth, none of them left any relatives or debts here, and none of them any property here, unless the funds in the registry be so regarded.

The petitioner, Mr. Leveroni, is one of the public administrators of the commonwealth of Massachusetts.   Alleging that the funds in question constituted assets within the commonwealth, he applied for and was granted administration on each of these estates.   Claims have also been filed by the vice counsel of Denmark to the wages of Jensen, who was a national of that country, and by W. H. Scott, of Portland, Or., who has been appointed by the court of that state ad-

ministrator of Buckley, the ground of appointment being that said Buckley was resident there; and, since this case was argued, Cresenciana Legazpi, as the widow of Banal, one of the Filipino seamen, has filed a claim for his wages.

Considering first the cases in which no claim has been filed except Mr. Leveroni's: The United States attorney has appeared and objected to the payment of the funds to the public administrator, the ground for his objection being that, if the wages are paid over to Mr. Leveroni, and no next of kin of these decedents are discovered, the estates will escheat to the commonwealth, while, if left in the registry, they will find their way into the Treasury fund for disabled and sick seamen, and that the United States is therefore interested to protect the Treasury fund.

■ There can be no doubt as to the power of Congress to provide for the disposition of the wages and effects of seamen who die in service. It has undertaken to do so by statutes which provide a complete scheme of disposition. Rev. St. §§ 4544, 4545. These sections recognize that the amounts involved will generally be small, that the persons entitled to them will often be remote, poor, and unused to business, and that the money ought to be paid to them with the least possible trouble and expense. Where the amount is less than $300 the whole matter is therefore left to the discretion of the District Judge to make payment to the person who appears to him to be justly entitled to the wages. Above that amount payments can only be made to "the legal personal representative of the deceased"; i. e., to his administrator or executor.

The petitioner contends that he is the administrator referred to in those statutes; that this court, having no probate jurisdiction, cannot go behind the decrees of the probate court appointing him; that, as to the amounts over $300, he is of right entitled to them; that, as to the amounts under $300, the court ought in its discretion to pay them over to him. On the other side, it is suggested that lack of jurisdiction to make a decree may always be shown; that, in the present cases, the only ground of jurisdiction in the probate court was the presence of assets in this commonwealth; that these funds did not constitute such assets; that, as there were no other assets, the probate court was without jurisdiction to make the appointment; and finally that a public administrator is not a "legal personal representative" within the meaning of the statute.

■ The first question is whether the wages in the registry were funds within the commonwealth conferring jurisdiction on the probate court to appoint an administrator. See Gen. Laws Mass. c. 193, § 1; chapter 194, § 4. In view of the explicit provisions in section 4544 requiring the wages in certain cases to be paid over "to the legal personal representatives of the deceased," and permitting it in other cases, I am clearly of opinion that these funds constitute property within the commonwealth for the purpose of taking out administration. See U. S. v. Tyndale (C. C. A.) 116 F. 820.

■ The next question is whether "legal personal representative of the deceased" as there used includes public administrators. In my opinion it does. But, considering the purpose and intent of the federal statute, I think that payment of amounts less than $300 ought not to be made to the public administrator where the estate appears likely to remain unclaimed, nor where the person entitled to it is clearly known. Under such circumstances payment through an administrator is of no advantage and will merely burden a small fund with unnecessary legal expense.

■ The commonwealth has no equitable claim on this money. If unclaimed, it ought to go where the federal statute places it; i. e., into the fund to help other seamen who are ill or disabled. Because such funds are paid to an administrator, it does not follow that they will, if unclaimed, escheat to the commonwealth. The administrator takes them to be disposed of according to Rev. St. § 4545; i. e., if no claimant appears, they are to be paid, less the reasonable expenses of administration, into the United States Treasury fund.

It follows that the wages of Golden, which amount to over $300, will be paid to the petitioner; there being no other claim to them. In the case of Banal, there is a claim by his widow who lives in the Philippines. As this amount also is over $300, there must be administration. I see no reason why the public administrator's appointment should not be recognized. It is for the probate court to say whether he ought to be superseded by an administrator nominated by the widow. In both these cases the clerk of this court is to receive notice of the presentation of the administrator's final account. In the case of Buckley, payment may be made to Scott, administrator, who is acting for the decedent's father and mother. In the case of Jensen, the money may be paid to the Danish vice counsel on satisfactory proof —it may be by affidavit—that there are next of kin for whom he is acting. In the other cases, the funds are to remain in the registry.