In re WIPFLER et al.
No. 1883.

District Court, D. Massachusetts.
April 29, 1942.

172

Daniel H. Coakley, pro se.

**SWEENEY, District Judge.**

On December 10, 1941, the M. S. Oregon foundered off Nantucket Shoals resulting in the loss of a number of her crew. The wages and personal effects of the lost seamen have been deposited with this court in accordance with the provisions of 46 U.S.C.A. § 621 et seq. The petitioner, Daniel H. Coakley, Jr., has been appointed by the Probate Court of Suffolk County, Massachusetts, as the Public Administrator of the estates of five of these deceased seamen whose names, state of residence, and respective deposits in the registry of the court are as follows: Richard H. Wipfler of New Jersey, $462.93; Charles F. Cook of Pennsylvania, $599.74; Emil A. Hefty of the State of Washington, $731.54; Whitney Morris, Jr., of the State of Washington, $409.27; Howard L. Grader of the State of Washington, $444.08.

The petitioner requests that these amounts be turned over to him.

In every instance an administrator has also been appointed in the state where the decedents were domiciled, and the court has been requested by or on behalf of such domiciliary administrators to turn the respective shares over to them directly. There is no contention that any of the decedents ever resided in this Commonwealth, or that they left any debts here or any other property besides the fund in the registry.

The statute which governs the distribution of the fund held on behalf of these decedents is 46 U.S.C.A. § 627, which provides: *"Distribution by district court.* If the money and effects of any seaman or apprentice paid, remitted, or delivered to the district court, including the moneys received for any part of his effects which have been sold, either before delivery to the district court, or by its directions, do not exceed in value the sum of $300, then, subject to the provisions hereinafter contained, and to all such deductions for expenses incurred in respect to the seaman or apprentice, or of his money and effects, as the said court thinks fit to allow, the court may pay and deliver the said money and effects to any claimants who can prove themselves either to be his widow or children, or to be entitled to the effects of the deceased under his will, or under any statute, or at common law, or to be entitled to procure probate, or take out letters of administration or confirmation, although no probate or letters of administration or confirmation have been taken out, and shall be thereby discharged from all further liability in respect of the money and effects so paid and delivered; or may, if it thinks fit so to do, require probate, or letters of administration or confirmation, to be taken out, and thereupon pay and deliver the said money and effects to the legal personal representatives of the deceased; and if such money and effects

exceed in value the sum of $300, then, subject to deduction for expenses, the court shall pay and deliver the same to the legal personal representatives of the deceased."

■ Since the share of each estate represented by the petitioner exceeds the sum of $300 in value, it must, by force of the above section, be paid to the legal personal representative of each decedent. Thus, the interesting question presented by this petition is who, as between a public administrator appointed in Massachusetts and an administrator appointed in the state of a decedent's domicil, is the legal personal representative within the meaning of the above statute. Although the decedents left no debts or other liabilities or property in this Commonwealth, the petitioner contends that, since these deposits constitute assets within this Commonwealth, he is the only person who can be recognized by a federal court sitting in Massachusetts as the legal personal representative with respect to such assets.

■ It has been determined, it is true, that a fund deposited in the registry of this court on behalf of a deceased seaman is an asset with a situs in Massachusetts which may properly be subject to administration by a public administrator appointed here, United States v. Tyndale, 1 Cir., 116 F. 820 (and compare also Coudert v. United States, 175 U.S. 178, 20 S.Ct. 56, 44 L. Ed. 122, 124) and that, *in the absence of other claimants,* a public administrator appointed here is the legal personal representative within the meaning of 46 U.S. C.A. § 627, In re Buckley, D.C., 33 F.2d 615. But, whether he should be considered the personal representative in preference to a duly appointed domiciliary administrator presents a question which does not appear to have been previously decided. In the Buckley case, supra, it was ordered that payment be made to the domiciliary administrator of Buckley rather than the local public administrator, but an examination of the record in that case discloses that the amount held on Buckley's behalf in the registry was less than $300.

■ On strict and technical common-law principles, much could be said in support of the petitioner's contention. See Stacy v. Thrasher, 6 How. 44, 12 L.Ed. 337, 343; Restatement of Conflict of Laws, § 481(3). However, since the applicable statute was enacted solely for the benefit of seamen and their estates, the intention of Congress in using the term legal personal representative should be considered in the light of general admiralty law, which often disregards technical common-law principles in order to attain an equitable result. Compare American Steel Barge Co. v. Chesapeake & Ohio Coal Agency Co., 1 Cir., 115 F. 669, 674; The Topsy, D.C., 44 F. 631, 634. In admiralty it has often been held that a party may make application against a fund in the registry of the court, even though such party would have no standing in an original proceeding. United States v. Rizzo, 297 U.S. 530, 536, 56 S.Ct. 580, 80 L.Ed. 844; Schuchardt v. Babbidge, 19 How. 239, 15 L.Ed. 625, 626; Petrie v. The Steam-Tug Coal Bluff No. 2, D.C., 3 F. 531, 534. A very able discussion as to why a foreign administrator should be allowed to intervene as a claimant against a fund in an admiralty proceeding is to be found in The Boston, 3 Fed.Cas. page 918, No. 1669.

■ A deposit in court should be paid to the real party in interest. Berdie v. Kurtz, 9 Cir., 88 F.2d 158, 160. In the absence of local creditors, the domiciliary executor or administrator is the real party in interest under a statutory provision for the payment of such deposit to the legal personal representative of a deceased person, since he is the person who eventually receives such deposit for the purpose of final administration. As was said in Wilkins v. Ellett, 9 Wall. 740, 741, 76 U.S. 740, 19 L.Ed. 586, 587: "It has long been settled * * * that the personal estate of the deceased is to be regarded, for the purposes of succession and distribution, wherever situated, as having no other locality than that of his domicile * * *. The original administrator, therefore, with letters taken out at the place of the domicile, is invested with the title to all the personal property of the deceased * * *. It is true, if any portion of the estate is situated in another country, he cannot recover possession by suit without taking out letters of administration from the proper tribunal in that country * * *. The difficulty does not lie in any defect of title to the possession, but in a limitation or qualification of the general principles in respect to personal property by the comity of nations, founded upon the policy of the foreign country to protect the interests of its home creditors."

■ Since there is no contention that there are creditors to be protected in Massachusetts, no advantage would be derived

by turning over the deposits to the petitioner as public administrator. On the contrary, the only effect of so doing would be to deplete the fund to which the seamen's estates are entitled by unnecessary administration expenses. This would be clearly contrary to the general purpose to be found in the applicable section of the statute, which is to provide an expedient and inexpensive way of protecting the money and effects of deceased seamen (see In re Holmberg's Estate, D.C., 193 F. 260, 262) as well as contrary to admiralty law principles. It has often been said that seamen are the wards of the admiralty court, Mann v. Pacific Atlantic S. S. Co., D.C., 10 F.Supp. 527, 528, and a statute enacted for their benefit should be construed favorably to their interests.

I conclude and rule that, in the absence of local creditors, as between a public administrator appointed in Massachusetts and an executor or administrator appointed in the state where a deceased seaman resided, the latter is the legal personal representative of such deceased seaman within the meaning of 46 U.S.C.A. § 627. The petitions of Daniel H. Coakley, Jr., are denied in each instance and the deposits held on behalf of the deceased seamen represented by these petitions may be paid to the administrators appointed in the state in which the respective seamen resided, on due proof of their appointment.