In the Matter of Roy F. GINTHER, deceased, seaman of the S.S. American Ranger.

**THE AMERICAN RANGER.**
Seamen's Wages Docket #12.
No. 80.

United States District Court
D. Maryland.
Dec. 29, 1960.

Armstrong & Co., London, England, for Lorna Ginther, widow of decedent.

THOMSEN, Chief Judge.

The petition in this case presents the following questions: (1) whether the mother or the widow of a deceased seaman should receive his wages and effects paid into this court pursuant to 46 U.S. C.A. § 626, and (2) what law applies in determining the answer to the foregoing question.

The body of Seaman Roy F. Ginther was found in the Baltimore Harbor on November 6, 1959. He was last seen alive aboard his vessel, the S.S. American Ranger, on October 30, 1959. In accordance with 46 U.S.C.A. § 626, wages owing the decedent less certain deductions, and decedent's personal effects including the cash on his person were paid into this court on August 11, 1960. The money and effects do not exceed $1,500 in value.[1]

On August 16, 1960, decedent's mother, Viola Z. H. Ginther, filed an affidavit and claim setting forth her relationship to the decedent and stating that decedent left no will, that she was decedent's next of kin, and that he was "unmarried to my knowledge". In an attached letter

she said that she "had no proof" that her son was ever married or that he had any other address than Franklin, Minnesota. Shortly thereafter, solicitors representing Mrs. Lorna Ginther, widow of the decedent, sent to this court a marriage certificate which disclosed the fact that decedent and Lorna had been married on July 23, 1958, in Lewisham, England. On September 12, 1960, the widow filed a petition claiming wages and effects, and supporting her claim by affidavit. A letter attached to the petition stated that she is "unwilling that her late husband's wages should be paid to his mother".[2]

Decedent's widow is a subject of the United Kingdom residing in Sydenham, England. His mother and father are residents of Franklin, Minnesota. There is little evidence of decedent's residence at the time of his death. He was born in Franklin, Minnesota, in 1919, and was initially a domiciliary of that state. His marriage certificate states that he is a resident of Sydenham, England. Although decedent died within the territorial waters of Maryland, there is no evidence that he was a Maryland resident.

The distribution is controlled by 46 U.S.C.A. § 627.[3] Very few decisions

1. Decedent's personal effects include items of clothing, toilet articles, several books, a wristwatch and the like. The amount paid into the court was $71.56.

2. The personnel records of the United States Lines, owner of the S.S. American Ranger, included information that decedent's next of kin was his mother. However, after decedent's marriage, he listed his wife as next of kin on crew lists filled out upon the commencement of each voyage. Representatives of the company have informed the court that this information is elicited from seamen for notification purposes in case of death or injury. The term "next of kin" has no precise meaning. It is "used to signify the relatives of a person, sometimes in the sense of nearest blood relatives, and at other times in the sense of relations entitled to take under the statute of distributions." Graham v. Whitridge, 99 Md. 248, 289, 57 A. 609, 617; 58 A. 36, 66 L.R.A. 408 (McSherry, C. J.). See also Black's Law Dic-

tionary, 3d Ed. It is arguable that by designating a person as "next of kin" the designator desires that person to receive his property upon his death, and that a system of jurisprudence unfettered by normal statutory or common-law restrictions as to the formalities required in making devises and bequests might give effect to that desire. However, that question need not be decided in this case.

3. "Distribution by District Court

"If the money and effects of any seaman or apprentice paid, remitted, or delivered to the district court, including the moneys received for any part of his effects which have been sold, either before delivery to the district court, or by its directions, do not exceed in value the sum of $1500, then, * * * the court *may*, after a period of not less than sixty days after such payment, remittance, or delivery has been made to the court, pay and deliver the said money and effects to *any claimants* who can prove themselves *either* to be his widow or

under this section have been reported, none upon facts similar to those in the instant case. It has been stated, however, that "the obvious purpose of the section is to provide a brief, informal, and summary method of disposing of the money and effects * * * ." In re Holmberg, D.Cal., 1912, 193 F. 260, 262.

■ The language of sec. 627 indicates that a wide discretion is vested in the district court, and that it is not bound by the internal law or choice of law rules of the state in which it sits. See e. g. In re Wipfler et al., D.Mass., 45 F.Supp. 171, where only federal cases and general authorities were cited. Although federal courts might formulate their own rules of intestate succession entirely independent of state rules, the absence of a guiding statute for determining priority makes such a task impracticable. On the other hand, a district court should not mechanically use the rules of the state in which it sits, since the forum is usually determined by the port in which the ship happens to be at the time of the seaman's death, or the master's notion of the court into which the property should be paid.

■■ In determining the rights of parties to the movables of an intestate, the forum normally applies the lex domicilii. Bullen v. State of Wisconsin,

240 U.S. 625, 631, 36 S.Ct. 473, 60 L. Ed. 830; Craig v. Craig, 140 Md. 322, 117 A. 756; Noonan v. Kemp, 34 Md. 73; Restatement, Conflict of Laws, sec. 303; Goodrich, Conflict of Laws, 3d Ed., 1949, sec. 168; 15 C.J.S. Conflict of Laws 18(e). No Minnesota case in point has been found, but the law of England seems to be in accord with the general rule. 7 Halsbury's Laws of England, 3d Ed., 1954, para. 103, p. 53. The intestate's last domicile is not clear in the instant case, and is frequently not readily determinable in cases arising under sec. 627. It appears most likely, however, that the intestate's domicile at the time of his death was either Minnesota or England, where the respective claimants reside. Therefore, we need not look beyond the laws of those two jurisdictions.

Under English law, the surviving spouse takes the personal chattels absolutely, as well as a limited interest in the intestate's realty. Administration of Estates Act, 15 Geo.V., c. 23, Part IV, sec. 46, 1925. Minnesota law provides that all personalty shall go to the surviving spouse if no issue survive. Minn.Stat.Anno., 1945 Ed., 525.16(4)(b). Since both jurisdictions give priority to the widow, it is unnecessary to determine which law is actually being applied.

I will sign an appropriate order.[4]

children, or to be entitled to the effects of the deceased under his will, or under any statute, or at common law, or to be entitled to procure probate, or take out letters of administration or confirmation, although no probate or letters of administration or confirmation have been taken out, and shall be thereby discharged from all further liability in respect of the money and effects so paid and delivered; or may, if it thinks fit so to do, require probate, or letters of administration or confirmation, to be taken out, and thereupon pay and deliver the said money and effects to the legal personal representatives of the de-

ceased; and if such money and effects exceed in value the sum of $1,500, then, subject to deduction for expenses, the court shall pay and deliver the same to the legal personal representatives of the deceased." (Emphasis added.)

4. Although the widow is entitled to both the deceased seaman's money on deposit and his personal effects or the receipts from the sale of his effects, correspondence with the widow's solicitors indicates that she may desire only the money presently on deposit. If she is willing that the personal effects be forwarded to the mother, that can be arranged.