**Raleigh E. YATES, Libelant,**

v.

**VILLAIN AND FASSIO E., a body corporate, Respondent,**

and

**The Waterfront Company, a body corporate, Respondent Impleaded.**

**Admiralty No. 4246.**

United States District Court
D. Maryland.

April 5, 1963.

Albert Avnet, I. Duke Avnet and Lee Vogelstein, Baltimore, Md., proctors for libelant.

Ober, Williams, Grimes & Stinson and David Ross, Randall C. Coleman, Manfred W. Leckszas and Southgate L. Morison, Baltimore, Md., proctors for respondent.

Eugene A. Edgett, Jr., Baltimore, Md., proctor for respondent impleaded.

---

1. "541.2  *Administrative*

**574**

NORTHROP, District Judge.

In this admiralty suit, Beatrice M. Yates, administratrix of the estate of Raleigh E. Yates, has filed a motion that she be substituted as party libelant.

The original libel, filed March 7, 1961, alleges that Raleigh E. Yates, on or about February 17, 1960, as a ship sealer aboard the vessel Carlin Fassio belonging to respondent whose full name is Villain and Fassio E Compagnia Internazionale Di Genova, Societa Riunite Di Navigazione, S. p. A., which vessel was then lying alongside a Baltimore pier, was injured due to unseaworthiness and negligence of that vessel.

On July 14, 1962, Raleigh E. Yates, libelant, died in the City of Baltimore, Maryland, from causes unrelated to the accident. On November 14, 1962, petitioner, his widow, was appointed administratrix of his estate.

The respondent shipowner opposes the motion to substitute on the ground that, under admiralty law (as under common law) a cause of action *in personam* abates upon the death of the plaintiff. Specifically, it is contended that by Chapter 399 of the 1957 Acts of the Maryland Legislature the statute providing for survival of a cause of action for personal injury was repealed. That chapter repealed Sections 29 and 30 of Article 75 of the Maryland Code of 1951. Section 29, in pertinent part, read:

"No action of ejectment, waste, partition, dower, replevin, or any personal action * * * in any court of law in this State shall abate by the death of either or any of the parties to such action; but upon the death of any defendant, the action shall be continued and the heir, administrator or executor of the defendant, or other person interested on the part of the defendant, may appear to such action * * *. This not to apply to actions for slander."

Section 30 was as follows:

"No action hereafter brought to recover damages for injuries to the person by negligence or default shall abate by reason of the death of the plaintiff, but the personal representatives of the deceased may. be substituted as plaintiff and prosecute the suit to final judgment and satisfaction."

The fact that, prior to repeal, the Court of Appeals of Maryland had embodied the purport of these sections in Rule 220 of the Maryland Rules of Procedure [1]

---

[1] "a.  *Action at Law*.

"1.  Personal Action.

"A personal action, except as provided in subsection 4 of section a of this Rule, shall not abate by the death of a party.  (Art. 75, §§ 29, 30.)

*    *    *    *    *

"4.  Exception—Slander.

"Where a party to an action for slander shall die, the action shall abate as to such party.  (Art. 75, § 29.)

"b.  *Action in Equity*.

"An action in equity shall not abate by the death of a party thereto, where the right involved in the action survives.  (Art. 16, § 1.)"

does not impress the respondent. The Rules of Procedure were adopted by the Court of Appeals of Maryland by authority of the Maryland Constitution, Article IV, § 18A:

> "The Court of Appeals from time to time shall make rules and regulations to regulate and revise the *practice and procedure* in that Court and in the other courts of this State, which shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law." [emphasis supplied]

Nor is the respondent persuaded by the fact that Article 75, which contained Sections 29 and 30, has for many decades been entitled "Pleadings, Practice and Process at Law", these sections appearing under "Practice". To this court, however, these factors carry weight. In addition, the fact that Chapter 399 (the repealing statute) was made effective June 1, 1957, while the Rules, including Rule 220, had become effective January 1, 1957, is evidence that the Legislature considered Sections 29 and 30 to be procedural only. This court feels likewise, and since in our view Rule 220 contains the essentials of Sections 29 and 30, Maryland law lost nothing by the repeal of those sections. If Sections 29 and 30 had been inconsistent with Rule 220, the rule would *pro tanto* have superseded them even though they were enactments of the Legislature. Bastian v. Watkins, Clerk, 230 Md. 325, 187 A.2d 304; Hensley v. Bethesda Sheet Metal Co., et al., 230 Md. 556, 188 A.2d 290. We believe the substantive law of survival of causes of action applicable to this case is embodied in Section 112 of Article 93:

> "Executors and administrators shall have full power to commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted, except actions of slander * * *."

Clearly, libelant Raleigh E. Yates had the right to bring this action during his lifetime. Equally as clear, his administratrix has the right to file a suit under Article 93, Section 112. Rule 220, like former Sections 29 and 30 of Article 75, is directed to preventing delay, inconvenience, and useless paper work in a suit pending under the control of the court.

As was said by Crompton, J., in Flinn v. Perkins, 32 L.J.Q.B. 10, 11 (n.s.) (1862), in construing a similar statute under the English Common Law Procedure Act of 1852:

> "I construe it, not as giving any new right of action, but as saying that when a representative could have brought the action, then he may continue the old proceedings just as if he had been the plaintiff. It would be a strange thing to hold that these sections, which relate merely to matters of procedure, had the effect of doing away with the ancient common law rule * * *."

The same position was taken by the Maryland Court of Appeals in Baltimore & O. R. R. Co. v. Ritchie, 31 Md. 191, 199, referring to the predecessor of Sections 29 and 30 of Article 75:

> "* * * [T]he object of those Acts was to prevent this inconvenience and delay, and to enable the representatives of deceased parties to prosecute such actions as had been instituted by their decedents, during their lives * * *."

The action for personal injuries in the Ritchie case was held to have abated in spite of the Acts of 1785, ch. 80, and 1798, ch. 101, subch. 14, Section 4 (the abatement statute as enacted originally and re-enacted in 1798). The Acts of 1798, besides re-enacting the abatement statute, contained (ch. 101, subch. 8, § 5) the first version of present Section 112. A reading of Ritchie leaves this court quite uncertain whether the Court of Appeals relied on the statutes as found in the Code of 1860 (long in force when that court finally decided the case) or as they were before that Code (which had not been enacted when the plaintiff died). A comparison of the statute against

abatement indicates that the 1860 Code brought it into line with ch. 101, subch. 8, § 5 of the Acts of 1798 by adding to the abatement statute (which became Section 1 of Art. 2 of the 1860 Code) the clause: "this not to apply to actions for slander or for injuries to the person." The 1798 law just mentioned had all along specifically excluded suits for injuries to the person. The Court of Appeals presumably did not distinguish between the previous wording of the abatement statute and the 1860 version because the court felt that the law itself was not changed in any substantive way in 1860, in that its substantive portion was contained in the 1798 statute.

It is significant that, after the 1860 Code brought the abatement statute into line with the 1798 act, changes in the two statutes were made simultaneously. Thus in the 1888 Code, Section 105, renumbered 104, appeared in modified form so that the personal representative might sue in an action for injuries to the decedent's person; by Chapter 262 of the Acts of 1888, the abatement statute was modified in a parallel manner. By Chapter 570 of the Acts of 1929 both Article 75 and Article 93 were amended to permit suits in all cases except slander, whether the decedent had been the tortfeasor or the injured person. The abatement statute has appeared under such titles as "Practice" from the time when such designations were started. It is not without significance that in the Harvard Law Review, Volume 48, 1935, at p. 1009, Section 106 (now 112) of Article 93 is noted as being Maryland's substantive survival statute. It is generally stated that survival statutes are to be liberally construed. In Maryland, Sections 29 and 30 of Article 75 seem to have been deemed procedural (as have similar provisions in other jurisdictions) and Section 112 of Article 93 substan-

tive. All logic compels such a construction. Would it not be a sharp quillet of the law to require the filing of another suit when the administratrix here can be substituted?

■■ The respondent shipowner concedes that, had Section 30 of Article 75 not been repealed, the substitution would have to be ordered just as it was in The Student, 238 F. 936 (4 Cir., 1916). It is generally accepted that, where the law of a state provides rights and liabilities with respect to conduct within borders, including navigable waters, and where that law does not run counter to federal laws or matters particularly within exclusive federal jurisdiction, admiralty courts will entertain a libel *in personam*. See Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941); Roth v. Cox, 210 F.2d 76, 78 (5th Cir., 1954), aff'd, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260; Abbott, Adm'x v. United States, D.C., 207 F.Supp. 468, 1962 AMC 2350, 2357, and Union Carbide Corporation v. Goett, 256 F.2d 449, at 453 (4th Cir., 1958), wherein it was said:

"A cause of action for damages accrued prior to a decedent's death, whether based on unseaworthiness or on negligence, will survive if the applicable state statute so provides."

This court cannot but be of the opinion that respondent's contention that the suit abates is erroneous. By virtue of Rule 220 the action does not abate procedurally, and the cause of action survives under the substantive Maryland law, which is Section 112 of Article 93.

The court will therefore sign the proper order effecting a substitution of the party libelant. Counsel for petitioner will prepare and present an appropriate order within ten days.