**In the Matter of FOO HONG SEK, deceased seaman of the S.S. GREEN MOUNTAIN STATE.**

**No. 11.**

United States District Court
D. Maryland.

July 3, 1963.

Irving S. Reamer, Baltimore, Md., for claimants.

THOMSEN, Chief Judge.

Foo Hong Sek, a member of the crew of the S.S. Green Mountain State, died at sea on April 4, 1950. Pursuant to 46 U. S.C.A. § 621 et seq., the Master turned over to the Shipping Commissioner $1,-319.80, representing $890.00 in cash left by the deceased and $480.95 earned wages, less $51.15 slops, fines and other proper charges. On April 20, 1950, the Shipping Commissioner delivered the money to the Clerk of this Court, as re-

quired by 46 U.S.C.A. § 626.[1] His report showed a wife, Chen Ying, of Canton, China, as next of kin.

On June 5, 1960, Robert Y. Shew, also known as Chow York Shew, of San Francisco, California (claimant), wrote the Clerk saying that he had received word from a friend that the deceased had left $850.00 with the Captain for the payment of debts owed claimant. After some correspondence in which claimant was advised that he would have to produce evidence in support of his claim, his counsel in California, on May 3, 1951, filed with the Clerk a petition for payment of claim in which claimant alleged that the deceased "left a last will and testament or instructions" in which he directed that the sum of $860.00 was to be paid to claimant; that claimant was informed and believed that this Court had custody of said last will and testament or instructions; that Kiang T. Suan, a shipmate of the deceased, had written claimant about the "directions or instructions in said last will and testament or instructions"; that claimant and the deceased had lived together throughout the years; and that claimant had loaned the deceased various sums of money for his personal use and maintenance, aggregating $860.00, which the deceased had promised to repay. In fact, no such last will and testament or instructions had been turned over to the Shipping Commissioner by the Master, and the translation of the letter from Kiang T. Suan to claimant, which this Court caused to be made in 1963, see note [2] below, does not refer to any last will and testament; the so-called instructions referred to in the letter are different from those alleged by claimant.

Further correspondence ensued, during the course of which claimant's counsel suggested that the case be transferred to a federal court in California or that an administrator be appointed there.

The last letter from the Clerk of this Court to claimant's counsel was dated August 24, 1951; in it the Clerk said that he knew of no authority to transfer the case to California, and that former Chief Judge Coleman of this Court felt that the next of kin would be the proper person to apply for letters of administration. Neither claimant nor his counsel replied to that letter or took any other action herein until January 1963.

Meanwhile, on November 28, 1956, no claim to the money having been substantiated, the Clerk paid the money into the Treasury of the United States pursuant to 46 U.S.C.A. § 628.[3]

[1] Personal effects, which were eventually sold for 85¢, were also turned over to the Clerk.

[2] "Dear Mr. Chou Hsueh-chao:

"Our ship sailed from France to the States (Baltimore). Unfortunately there was an incident aboard. Our compatriot Mr. Hung Sze committed suicide by jumping overboard. That was between 1PM and 2PM on Sunday, April 9th, when the seamen were having a meeting. He seized this opportunity to kill himself, leaving US $860.00, bequeathed to Mr. Hsueh Chao so that debts owed certain persons may be deducted therefrom. He also left word that of the two months pay due him, one half be given to the C.I.O. seamen and the other half be turned over to the Chinese Seamen's Union of San Francisco. He also left a letter for delivery to the Chinese Consul. The money and letter are all with the Captain now. Hope that after you receive this letter of mine, you would immediately go to Mr. Hsueh Chao's place and tell him about this so that he may arrange to get the money and tell Mr. Chao to report the matter to the executives at the Seamen's Union. Sincerely, Kung Tai Chun, April 19th. Translator's Note: 'Hsueh Chao' referred to in two instances in the body of the letter is apparently a different person from the one to whom the letter is addressed. The Chinese character for 'Chao' is different from that in the salutation."

[3] Sections 627 and 628 read as follows:

"§ 627. *Distribution by district court*

"If the money and effects of any seaman or apprentice paid, remitted, or delivered to the district court, including the moneys received for any part of his effects which have been sold, either before delivery to the district court, or by its directions, do not exceed in value the sum of $1,500, then, subject to the provisions hereinafter contained, and to all such deductions for expenses incurred in respect to

In January 1963 claimant, through Baltimore counsel, filed a petition herein, alleging that "the decedent acknowledged a debt" due petitioner, "which acknowledgment is on file with the Clerk" of this Court. No such acknowledgment or other paper signed by the deceased is on file with this Court. Two documents written in Chinese characters were filed by claimant in 1951 with his original petition for payment of claim. In 1963 this Court caused those documents to be translated by an army officer stationed at the United States Army Intelligence School at Fort Holabird. They proved to be two letters from Kung Tai Chun (Kiang T. Suan) to Chou Hsueh-chao, dated respectively April 19 and April 29, year not stated. The April 19 letter and translator's note is set out in note 2. The April 29 letter adds nothing thereto. These letters do not substantiate the claim made by claimant.

On January 28, 1963, claimant's Baltimore counsel had himself appointed administrator of the estate of Foo Hone (sic) Sek by the Orphans' Court of Baltimore City, and in that capacity filed another petition, claiming the entire $1,319.80.

■■■ Under sections 627 and 628 (see note 3) the District Court is vested with a wide discretion, in order to provide a brief, informal and summary method of disposing of the deceased seaman's money and effects. In re Ginter, D.Md., 189 F.Supp. 872 (1960), citing In re Holmberg, D.Cal., 193 F. 260, 262 (1912). Since the amount paid into the registry is less than $1,500.00, a District Court is not bound to deliver the money to an administrator appointed by a State Court. In re Buckley, D.Mass., 33 F.2d 615 (1929); cf. In re Wipfler, D.Mass., 45 F.Supp. 171 (1942), decided before sec. 628 was amended in 1959. Particularly, this Court should not do so where claimant has caused his own attorney to be appointed such administrator after it has become apparent that he cannot substantiate his own claim by suitable evidence, and the very documents he has submitted cast doubt on his individual claim. The money ought to remain in the fund to help other seamen who are sick,

the seaman or apprentice, or of his money and effects, as the said court thinks fit to allow, the court may, after a period of not less than sixty days after such payment, remittance, or delivery has been made to the court, pay and deliver the said money and effects to any claimants who can prove themselves either to be his widow or children, or to be entitled to the effects of the deceased under his will, or under any statute, or at common law, or to be entitled to procure probate, or take out letters of administration or confirmation, although no probate or letters of administration or confirmation have been taken out, and shall be thereby discharged from all further liability in respect of the money and effects so paid and delivered; or may, if it thinks fit so to do, require probate, or letters of administration or confirmation, to be taken out, and thereupon pay and deliver the said money and effects to the legal personal representatives of the deceased; and if such money and effects exceed in value the sum of $1,500, then, subject to deduction for expenses, the court shall pay and deliver the same to the legal personal representatives of the deceased."

"§ 628. *Unclaimed wages and effects*

"A district court, in its discretion, may at any time direct the sale of the whole or any part of the effects of a deceased seaman or apprentice, which it has received, and shall hold the proceeds of such sale as the wages of deceased seamen are held. When no claim to the wages or effects or proceeds of the sale of the effects of a deceased seaman or apprentice, received by a district court, is substantiated within six years after the receipt thereof by the court, it shall be in the absolute discretion of the court, if any subsequent claim is made, either to allow or refuse the same. Such courts shall, from time to time, pay any moneys arising from the unclaimed wages and effects of deceased seamen, which in their opinion it is not necessary to retain for the purpose of satisfying claims, into the Treasury of the United States, and such moneys shall form a fund for, and be appropriated to, the relief of sick and disabled and destitute seamen belonging to the United States merchant marine service."

disabled or destitute. In re Buckley, supra.

Moreover, the claim of the administrator is barred by the time limit in sec. 628. Although this Court has discretion to allow or refuse a claim made after six years, that discretion should be exercised in this case to disallow the claim of the administrator.

The claims of Robert Y. Shew and of Irving S. Reamer, administrator, are hereby denied.