**In the Matter of Ahmad JAMA, Deceased Seaman.**

**No. 327 Seaman–J.**

United States District Court, M. D. Florida, Jacksonville Division.

Aug. 15, 1977.

Mrs. Ahmad Jama, in pro per.

Frederick R. Short, Jr. (Court-appointed Administrator), Jacksonville, Fla., for petitioner.

## OPINION

CHARLES R. SCOTT, Senior District Judge.

Ahmad Jama was 70½ years old when he died at sea aboard the African Mercury, in the Azores, on June 24, 1976. He was a citizen of Kenya, East Africa. He had been a seaman and a crewmember of the African Mercury which, at the time of his death, had a United States port-of-registry. The voyage ended on August 17, 1976, when the African Mercury put into port at Jacksonville, Florida.

At that time, the Captain of the ship delivered to the Shipping Commissioner of the United States Coast Guard, the wages, valuables, and personal effects of Ahmad Jama, the deceased seaman. Those wages, totaling $6,327.29, were paid into the registry of this Court, and the valuables and personal effects were entrusted to the custody of the Clerk of this Court.[1]

Ahmad Jama ('the decedent') is survived by his wife, Asha Jama, who is 25 years old, and by two children, ages five and seven, who are all citizens and domiciliaries of Kenya, East Africa. On November 7, 1976, Asha Jama ('petitioner') filed a kinsman's petition to obtain the wages and effects of her husband, the decedent. Through an exchange of correspondence between petitioner and the Clerk's Office, it appears (1) that petitioner is unable to acquire an appointment of herself as administratrix of the decedent's estate under Kenya law; and (2) that Kenya law does not authorize an administrator to dispose of a decedent's assets that are outside of Kenya.

Although 46 U.S.C. Section 627 authorizes a district court to distribute an amount of a deceased seaman's wages and effects less than or equal to $1,500.00, to the widow or children of the deceased seaman, the statute requires a different procedure for amounts greater than $1,500.00. When the wages and personal effects of a deceased seaman exceed $1,500.00 the statute requires that they pay and deliver "to the legal personal representatives of the deceased." [2]

Hence, the questions presented to the Court by this kinsman's petition are whether, and more specifically how, the Court can properly transmit the decedent's wages and personal effects, far in excess of $1,500.00, to the decedent's widow, petitioner, when there is no administrator of decedent's estate available.

█ The Court's analysis begins with (besides a dearth of decisional law on this subject) a recognition that seamen are a class of persons whom the law especially favors. From ancient times, the life of the seaman has been a solitary existence, ex-

---

1. 46 U.S.C. Section 626 requires that the wages and personal effects of a deceased seaman be delivered to the federal district court.

2. 46 U.S.C. Section 627 provides:

   If the money and effects of any seaman or apprentice paid, remitted, or delivered to the district court, including the moneys received for any part of his effects which have been sold, either before delivery to the district court, or by its directions, do not exceed in value the sum of $1,500, then, subject to the provisions hereinafter contained, and to all such deductions for expenses incurred in respect to the seaman or apprentice, or of his money and effects, as the said court thinks fit to allow, the court may, after a period of not less than sixty days after such payment, remittance, or delivery has been made to the court, pay and deliver the said money and effects to any claimants who can prove themselves either to be his widow or children, or to be entitled to the effects of the deceased under his will, or under any statute, or at common law, or to be entitled to procure probate, or take out letters of administration or confirmation, although no probate or letters of administration or confirmation have been taken out, and shall be thereby discharged from all further liability in respect of the money and effects so paid and delivered; or may, if it thinks fit so to do, require probate, or letters of administration or confirmation, to be taken out, and thereupon pay and deliver the said money and effects to the legal personal representatives of the deceased; and if such money and effects exceed in value the sum of $1,500, then, subject to deduction for expenses, the court shall pay and deliver the same to the legal personal representatives of the deceased. As amended Sept. 22, 1959, Pub.L. 86–364, Sections 1, 2, 73 Stat. 646.

posed to the hazards and perils of nature, subjected to strict and rigorous discipline, without a ready recourse to the law for protection from abuses of authority. *Aguilar v. Standard Oil Co.,* 318 U.S. 724, 727, 63 S.Ct. 930, 87 L.Ed. 1107, 1111 (1943); *Socony-Vacuum Oil Co. v. Smith,* 305 U.S. 424, 430, 59 S.Ct. 262, 83 L.Ed. 265, 270 (1934). Consequently, both Parliament and Congress have traditionally treated seamen as "wards of admiralty", in need of "special solicitude" to safeguard their health and welfare. *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 577, 94 S.Ct. 806, 39 L.Ed.2d 9, 17 (1974); *Aguilar v. Standard Oil Co.,* 318 U.S. at 727, 63 S.Ct. 930, 87 L.Ed. at 1111; *Socony-Vacuum Oil Co. v. Smith,* 305 U.S. at 431, 59 S.Ct. 262, 83 L.Ed. at 265; *Warner v. Goltra,* 293 U.S. 155, 162, 55 S.Ct. 46, 79 L.Ed. 254, 259 (1934); *Bainbridge v. Merchants & Miners Transp. Co.,* 287 U.S. 278, 282, 53 S.Ct. 159, 77 L.Ed. 302, 305 (1932); *Robertson v. Baldwin,* 165 U.S. 275, 287, 17 S.Ct. 326, 41 L.Ed. 715, 719 (1897). Such special, legislative solicitude, therefore, should be interpreted liberally to achieve the remedies intended to benefit the members of the favored class—seamen. *Isbrandtsen Co. v. Johnson,* 343 U.S. 779, 782, 72 S.Ct. 1011, 96 L.Ed. 1294, 1298 (1952); *Garrett v. Moore-McCormack Co.,* 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239, 245 (1942); *Socony-Vacuum Oil Co. v. Smith,* 305 U.S. at 431, 59 S.Ct. 262, 83 L.Ed. at 270; *Bainbridge v. Merchants & Miners Transp. Co.,* 287 U.S. at 282, 53 S.Ct. 159, 77 L.Ed. at 305.

■ The statute involved in the present case, 46 U.S.C. Sections 621–28 (Supp.1976), is precisely that kind of legislation. It was enacted to provide an expedient, informal, and inexpensive method for protecting and disposing of a deceased seaman's money and personal effects. *In re Foo Hong Sek,* 219 F.Supp. 28, 30 (D.Md. 1963); *In re Wipfler,* 45 F.Supp. 171, 174 (D.Mass.1942); *In re Holmberg's Estate,* 193 F. 260, 262 (N.D. Calif. 1912). Hence, it should be construed liberally to effectuate its purpose and benefit its intended objects. *In re Wipfler,* 45 F.Supp. at 173, 174. The

Court has wide discretion to do so, *In re Foo Hong Sek,* 219 F.Supp. at 30; and, accordingly, the statutory language should be explicated in a nontechnical, equitable way. For example, the term "legal personal representative" should be understood in the flexible context of general admiralty legislation, not in the technical common law sense that has developed in estate and property law. *In re Wipfler,* 45 F.Supp. at 173. Cf. *Cox v. Ruth,* 348 U.S. 207, 210, 75 S.Ct. 242, 99 L.Ed. 260, 263 (1955).

■ Moreover, in order to further the purpose of the statute, where (as here) it fails to provide a procedure for a particular situation, the federal statute can be supplemented, and its void filled, by state law insofar as it is not inconsistent with federal law. *Cox v. Ruth,* 348 U.S. at 210, 75 S.Ct. 242, 99 L.Ed. at 263–64; *Just v. Chambers,* 312 U.S. 383, 387–88, 61 S.Ct. 687, 85 L.Ed. 903, 907 (1941); *Yates v. Villain & Fassio E.,* 215 F.Supp. 573, 576 (D.Md.1963); *Williams v. Donovan,* 198 F.Supp. 237, 238 (E.D.La.1961). Finally, there is some authority for the view that, since a federal court is not bound by the internal, state law where it sits, and should not mechanically apply the state law, in exercising its discretion to effectuate the statute "federal courts might formulate their own rules of intestate succession entirely independent of state rules." *In re Ginther,* 189 F.Supp. 872, 874 (D.Md.1960). The Court did not do so in *Ginther, supra,* because it was confronted with conflicting claims by the deceased seaman's mother, in Minnesota, and widow, in England; and there was no guiding federal law to determine the priority of those claims. *Id.* at 874. Additionally, the amount involved was less than $1,500.00, which the statute permitted to be paid directly to whomever had the superior claim.

■ In this case, the Court believes that a combination of both approaches should be used to enable the statute's intended result to be accomplished. The amount involved here greatly exceeds $1,500.00. The statute, therefore, mandates that the Court "shall pay and deliver the same to the legal

personal representatives of the deceased" for distribution to the decedent's heirs. 46 U.S.C. Section 627. Consequently, the Court holds that it will adopt, and adapt, the probate law of Florida in order to comply with the statute's command and carry out its equitable purpose.

First, Fla.Stat. Section 733.302 provides that any personal legally competent (sui juris), who also is a resident of the State of Florida, may be appointed as a personal representative of a decedent's estate. Apparently, the intention is to have a personal representative who is within, and therefore subject to, the Court's jurisdiction. On that reasoning, appointing petitioner, decedent's widow, as legal representative would be imprudent since she is living in Kenya, East Africa. Consequently, the Court has contacted, and will appoint, Frederick R. Short, Jr., Esquire, who has agreed to serve as personal legal representative of decedent Ahmad Jama's estate without remuneration. Of course, any expenses necessarily incurred in distributing the money and effects on deposit with the Court shall be deducted from that amount, as the federal statute provides. 46 U.S.C. Section 627. The Court will, therefore, by separate order issue letters of administration for decedent's estate to Frederick R. Short, Esq. Cf. Fla.Stat. Section 733.401.

Second, the present kinsman's petition, filed by decedent's widow to initiate this case, shall be regarded by the Court as a petition for the Court to determine the beneficiaries of decedent's property on deposit with the Court. Cf. Fla.Stat. Section 733.-105.

Third, the Court shall waive the requirement that the personal legal representative execute and file a bond. Fourth, although the Court seriously doubts that there are any genuine claimants against decedent's property who are present in this jurisdiction, notice of administration by publication shall be required. In accordance with Fla. Stat. Section 733.212(1) and (2), the notice shall be published "once a week for 2 consecutive weeks, two publications being sufficient . . ."; and "proof of publica-

tion shall be filed." Publication may be in one of the newspapers of the county which are approved by local 'Middle District' rule 7.03(a). However, the Court will exercise its discretion to modify the 3 month period of Fla.Stat. Section 733.212(1) and (3) within which objections to distribution and claims for distribution may be filed. Instead, the Court will require all claims and objections to be filed in this case within thirty days of the first publication of the notice.

Finally, in accordance with the duties and privileges of Fla.Stat. Section 733.602, the personal legal representative shall distribute decedent's money and personal effects to the beneficiaries (in all likelihood decedent's widow only), the costs of administration and distribution to be paid out of the money on deposit with the Court.

### NOTICE OF ADMINISTRATION

TO ALL PERSONS HAVING CLAIMS OR DEMANDS AGAINST THE ABOVE ESTATE AND ALL OTHER PERSONS INTERESTED IN THE ESTATE:

YOU ARE HEREBY NOTIFIED that the administration of the estate of Ahmad Jama, deceased seaman, Case Number 327 Seaman—J, is pending in the United States District Court for the Middle District of Florida, Jacksonville Division, the address of which is 541 Post Office Building, Jacksonville, Florida 32202. The Administrator of the estate is Frederick R. Short, Jr., whose address is 1120 Florida Title Building, Jacksonville, Florida 32202.

All persons having claims or demands against the estate as creditors, heirs or beneficiaries who have not previously filed written claims, are required, WITHIN THIRTY DAYS FROM THE DATE OF THE FIRST PUBLICATION OF THIS NOTICE, to file with the Clerk of the above Court a written statement of any claim or demand they may have. Each claim must be in writing and must indicate the basis for the claim, the name and address of the claimant or his agent or attorney, and the amount claimed. If the claim

is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. The claimant shall deliver two copies of the claim to the Clerk to enable the Clerk to mail one copy to the Administrator.

All persons interested in the estate are required, WITHIN THIRTY DAYS FROM THE DATE OF THE FIRST PUBLICATION OF THIS NOTICE to file any objections they may have that challenge the qualifications of the Administrator, or the venue or jurisdiction of the Court.

ALL CLAIMS, DEMANDS, AND OBJECTIONS NOT SO FILED WILL BE FOREVER BARRED.

Date of the first publication of this Notice of Administration:

Frederick R. Short, Jr.
As Administrator of the
Estate of Ahmad Jama,
Deceased Seaman