**Edward E. REITER et al., Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**No. H 72 C–14.**

United States District Court,
E. D. Arkansas, E. D.

Feb. 28, 1973.

Harold Sharpe, Sharpe & Long, Forrest City, Ark., for Edward E. Reiter.

Carroll E. Ray, Marianna, Ark., for Beatrice Smith.

Edward I. Staten, Reinberger, Eilbott, Smith & Staten, Pine Bluff, Ark., for State Farm Mutual Automobile Ins. Co.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

This is a removal proceeding from the Chancery Court of Monroe County, Arkansas. It is brought to this Court on diversity in that the controversy is between residents and citizens of different states and the amount in controversy exceeds $10,000.00 exclusive of interest and costs.

The plaintiff in the case is a resident and citizen of Arkansas, residing in Monroe County, Arkansas, and the defendant is a corporation of another state with its home office and principal place of business in Bloomington, Illinois. The cause of action as alleged in the Complaint against the defendant is one in which the District Court of the United States has original jurisdiction. All requirements for removal to this Court have been met.

The plaintiff seeks declaratory judgment as to the duties, rights and legal obligations of the defendant, State Farm Mutual Automobile Insurance Company, under its certain policy of insurance issued to the plaintiff prior to August 5, 1971, and which gave rise to an accident involving the plaintiff and other parties. The defendant, State Farm Mutual Automobile Insurance Company, denied coverage and counterclaimed for declaratory judgment contending that the admitted policy afforded no coverage or protection to any party involved in the accident described in the pleadings.

The facts involved in the accident are not in dispute. The plaintiff, Edward E. Reiter, was an employee of the City of Brinkley, Arkansas, as Assistant Chief of the Fire Department and had

been so employed for a period of approximately fourteen (14) years. He was compensated by the City of Brinkley for his services on a regular salary of $50.-00 a month. It was part-time employment.

At the time of the accident, which gives rise to this litigation, the plaintiff was operating an International Fire Truck equipped with a fire hose, water tank and other appurtenances necessary for the use of the vehicle in the extinguishing of fires. The vehicle was so constructed as to be used for this purpose only and none other. At the time of the accident, the plaintiff was on regular duty in answer to a fire call.

On August 5, 1971, at approximately 1:40 a. m., Beatrice Smith was driving her automobile north on New Orleans Street and First Street, there is no stop sign for those traveling on New Orleans Street; there are stop signs at the intersection for those traveling on First Street. Beatrice Smith claims to have had the right-of-way. It appears to be undisputed that as she approached the intersection, she saw no traffic, heard no warnings, or any indication of any traffic on First Street as she entered the intersection.

As she proceeded through the intersection, the plaintiff, Edward E. Reiter, operating the fire truck on First Street traveling East, approached the intersection at a high rate of speed and without heeding the stop signs, struck the vehicle driven by Beatrice Smith resulting in damages to her automobile and the parties riding therein. With Beatrice Smith in the automobile was one Glenda Flake; both Beatrice Smith and Glenda Flake have been made parties plaintiff to this action.

Beatrice Smith initiated a proceeding against the plaintiff as a result of the accident, claiming that she was injured, and thus entitled to monetary damages.

The defendant has filed a Motion for summary judgment based upon exclusions contained in the policy and other provisions on which the defendant relies on its contention that the policy affords no coverage or protection to the accident referred to herein.

There is no dispute but what the policy was issued to the plaintiff on his 1968 Ford 4-Door automobile, which provides for liability coverage for an accident arising out of the ownership of the automobile. It is the only vehicle insured. The policy provides coverage of a similar nature for the use of non-owned automobiles subject to certain conditions and exclusions. The exclusion clause relied upon by the defendant is as follows:

"This insurance does not apply under:

(a) Coverages A, B, C and M, to a non-owned automobile

(1) ----, or

(2) WHILE USED IN ANY OTHER BUSINESS OR OCCUPATION, except a private passenger automobile operated or occupied by the first person named in the declarations or, if residents of the same household, his spouse or any relative of either;"

The plaintiff, Edward E. Reiter, is the "first person" named in the declaration. The policy contains the definition of a private passenger automobile as follows:

"PRIVATE PASSENGER AUTOMOBILE—means an automobile of the private passenger type designed solely for the transportation of persons and their personal luggage, and includes station wagons."

Counsel for the parties have filed well prepared Briefs. The plaintiff has responded to admissions. It is quite apparent and the Court concludes that there is no genuine issue of fact and the issues should be disposed of as a matter of law. Rule 56 of the Federal Rules of Civil Procedure.

As so well stated by counsel in their Briefs, the issues have been narrowed to the question of whether or not the plaintiff was using the fire truck at the time

of the accident "in any other business or occupation".

There is no ambiguity alleged with respect to the relevant provisions of the policy and the Court concludes there is none.

The plaintiff contends that the exclusionary language relied upon by the defendant is not applicable to the issue resulting from the accident since the plaintiff was not, at the time of the accident, engaged in his principal or usual employment. In addition to part-time employment for the City as Assistant Fire Chief, the plaintiff is a regular and full-time employee as custodian in the public school system of Brinkley. It is undisputed that he receives substantially more financially as a custodian in the public schools than he does as a part-time fireman for the City of Brinkley.

■ ■ It is a well established law in Arkansas and in other jurisdictions, that where language, in an insurance policy, is ambiguous, it should be construed in favor of the insured. Aetna Life Insurance Company v. Spencer, 182 Ark. 496, 32 S.W.2d 310 (1930). It is also well established as a matter of law, that contracts of insurance should receive reasonable construction so as to effectuate the purpose for which they are made.

Both parties cite numerous cases in support of their contention which, although have a direct bearing on the issue in the instant case, the Court does not think requires discussing in detail here. Numerous decisions in both the state and federal courts have construed the various provisions with respect to a non-owned automobile, exclusionary provisions, and definitions of particular type of vehicles found in insurance contracts as a part of the agreement.

■ In the instant case, the plaintiff, as the insured, was using a vehicle other than a private passenger automobile. The issue, was he using the vehicle in a business or occupation.

In that the plaintiff was employed by the City in this capacity and for which he was paid, the Court can only conclude that he was using the fire truck at the time in a business or occupation.

■ Having reached this conclusion, the other question is, should the exclusionary provision of the contract include such part-time or ancillary business or occupation, or was it intended that it be limited to the plaintiff's principal employment as custodian in the public school system of Brinkley?

In carefully reviewing the provisions of the policy, the Court is unable to place such a narrow construction. If the parties had so intended, the language of the clause of the policy should have so included the limitation. Both parties cite the case of Voelker v. Travelers Indemnity Co., 260 F.2d 275 (7 Cir. 1958). There may be some merit to the argument of both parties as expressed in Voelker, but on the specific question here as to the use of the vehicle in any business or occupation of the named insured, there can be no doubt. Furthermore, the use of the word "any" is all inclusive and should not be interpreted to be restricted in its meaning.

The Court concludes that the policy of insurance, in its clear and unambiguous provisions, contained in the exclusionary clause, when considered in the light of the facts involved in the accident, affords no coverage or protection for the accident described in the pleadings of this case and summary judgment should be granted to the defendant on the counterclaim in this proceeding.

The Court wishes to compliment counsel for the parties in the well prepared and documented Briefs for the Court's attention and consideration on the issues involved in this proceeding.

An Order will be entered pursuant to the conclusions of the Court as stated herein.