520 So.2d 964 (1987)
Michael O. PRICE, Plaintiff-Appellant,
v.
COLONY INSURANCE COMPANY, Olympus Insurance Company, and Chadwick Vincent, Defendants.
No. 86-989.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Writ Denied December 18, 1987.
*965 R. Scott Ramsey, Berwick, for plaintiff-appellant.
David Hurlburt, Lafayette, Johnson & McAlpine, Richard Cozad, Henry King, Adams & Reese, Mark C. Surprenant, New Orleans, Michael Mentz, Metairie, Shepton Hunter, Warren Ashy, Lafayette, for defendants.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOMENGEAUX, Judge.
This opinion will address the issues presented for review in the consolidated cases entitled: Michael O. Price v. Colony Insurance Company, Olympus Insurance Company and Chadwick Vincent; Oceanic Butler, Inc., Delaware North Companies, Inc., and National Union Fire Insurance Company v. Chadwick Vincent and Colony Insurance Company; and Lance McMellon v. Chadwick Vincent, et al., respectively numbered by our Clerk 86-989, 87-240 and 87-132. We will, for the reasons hereinafter set forth, decide all issues in this opinion but, will render separate decrees in the cases entitled Oceanic Butler, Inc., Delaware North Companies, Inc., and National Union Fire Insurance Company v. Chadwick Vincent and Colony Insurance Company, 520 So.2d 969; and McMellon v. Vincent, et al., 520 So.2d 968.
These actions arose as the result of a vehicular accident which occurred on February 14, 1984, at approximately 9 P.M. on Louisiana Highway 333 near Intracoastal City in Vermilion Parish, Louisiana. Michael O. Price (Price), employed by Oceanic Butler, Inc. (Oceanic) and engaged in the course and scope of his employment at the time of the accident, was driving a large Oceanic delivery truck when he was struck from the rear by a 1961 Chevrolet pickup truck owned and operated by Chadwick Vincent (Vincent). Accompanying Vincent as a passenger was Lance McMellon (McMellon). Vincent and McMellon were both employees of Co-Mar Offshore Corporation (Co-Mar), a marine transportation company, and were both crew members of the M/V C/Ravenger on twenty-four hour duty.
Price, the driver of the Oceanic truck, brought the initial suit seeking damages for the injuries he sustained in the collision. Price named as defendants: (1) Vincent; (2) Colony Insurance Company (Colony), Vincent's automobile liability insurer; and (3) Olympus Insurance Company (Olympus), his own uninsured motorist insurance carrier. The plaintiff, in four supplemental petitions, named as additional defendants; (1) Co-Mar; (2) National Union Fire Insurance Company (National Union), Oceanic's worker's compensation insurance carrier; (3) *966 Penn-America Insurance Company (Penn-America), Co-Mar's automobile liability insurer; and (4) Coastal Marine, Inc. (Coastal), an affiliate of Co-Mar.
Co-Mar, as a result of Price's allegations, filed a cross-claim against Vincent. Prior to Price's supplemental petition naming Penn-America as defendant, Co-Mar also filed a third party petition against Penn-America. Co-Mar's object in both suits was to be indemnified against any judgment which might be rendered against it in favor of Price.
Oceanic, Delaware North Companies, Inc. (Delaware North), the parent company of Oceanic, and National Union brought the second suit seeking judgment against Vincent and Colony for worker's compensation payments made to Price. The plaintiffs in this action named as additional defendants in a supplemental petition: (1) Co-Mar; and (2) Penn-America.
McMellon brought suit in the final action consolidated for trial seeking to recover the damages he sustained as a result of the accident and seeking seaman's maintenance and cure. McMellon named as defendants: (1) Vincent; (2) Colony; (3) Price; (4) Olympus; (5) Co-Mar; (6) Oceanic; and (7) National Union. McMellon thereafter filed two supplemental and amending petitions, the first alleging a Jones Act claim against Co-Mar and the second naming Coastal as a party-defendant. 46 U.S.C. 688 (1915) (amended 1920 and 1982).
Price filed, in the McMellon suit prior to consolidation, a third-party demand against Vincent, Colony and Co-Mar. Co-Mar subsequent to the consolidation, cross-claimed against Vincent and Price. In the final pleading, Price, Oceanic and National Union brought a third-party action against Coastal, Co-Mar and Penn-America.
Prior to trial, both McMellon and Price negotiated settlements with Olympus and both subsequently dismissed their actions against that defendant. Price also settled out of court with Oceanic, National Union and Colony.
The jury returned a verdict finding that Vincent's negligence was the sole proximate cause of the accident, that neither Vincent nor McMellon were acting in the course and scope of their employment with Co-Mar at the time of the accident and that McMellon was not in the service of the M/V C/Ravenger when injured. The jury concluded that Price suffered damages in the amount of $50,000.00 and that Vincent incurred damages in the amount of $10,000.00.
The trial judge entered judgment in accordance with the verdict. Judgment was rendered in favor of Price for $50,000.00 and McMellon for $10,000.00, and against Vincent and Colony, in solido. Colony's solidary liability was limited to the extent of its policy limits, $5,000.00 to each plaintiff. The remaining claims of all parties were dismissed and Vincent and Colony were taxed with court costs, including all expert witness fees.
Dissatisfied with the verdict, Price and McMellon both filed post-verdict motions. Price moved the court to render a judgment notwithstanding the verdict, and, alternatively, moved the court to grant a motion for additur or a new trial.
Price's primary contention post-trial was that Co-Mar's automobile liability insurance policy with Penn-America provided coverage for Vincent. The trial court denied all of the plaintiff's motions.
McMellon brought a motion for a judgment notwithstanding the verdict and, alternatively, sought a new trial. McMellon contended that the jury erred when it found that he was not in the service of a ship at the time of the accident and that Co-Mar was not liable to him in accordance with his prayer for relief under the Jones Act.
The court granted McMellon's motion for a judgment NOV and awarded him $300.00 in maintenance, $2,755.60 in cure and $7,500.00 in punitive damages for the arbitrary and capricious denial of maintenance and cure. The plaintiff's motion addressing his Jones Act claim and his claim for a new trial were denied.
It is from the above judgments that Price appealed. Price argues on appeal that the Penn-America insurance policy which provides *967 coverage for non-owned automobiles "used in connection with your business" should be interpreted to provide coverage for Vincent.
Co-Mar, Coastal and Penn-America answered Price's appeal refuting Price's argument that the policy provided coverage. The appellants further answered, challenging: (1) the conclusion of the jury that Price was entirely free from fault in causing the accident; and (2) the judgment of the trial court granting McMellon's motion for a judgment NOV and awarding McMellon maintenance and cure, and punitive damages.
Subsequent to answering Price's appeal, Co-Mar and Coastal moved this Court for an Order dismissing their appeal on the basis that the matter had been compromised. The Order was signed and their appeal was dismissed.
The only issue on appeal, following Co-Mar and Coastal's dismissal, is whether Co-Mar's business automobile liability insurance policy with Penn-American provides coverage for Vincent. The policy language in question reads:
NON-OWNED AUTO ONLY.
Only those autos you do not own, lease, hire or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business or your personal affairs. (emphasis added).
The trial court, in reliance on the jury verdict that Vincent was not acting within the course and scope of his employment, rendered judgment dismissing Price's action against Penn-America. Price contends on appeal that the policy language "used in connection with your business" is synomous with the legal phrase "course and scope of employment" and that Vincent was acting within the course and scope of his employment at the time of the accident.
Whether an employee is acting within the course and scope of his employment at any particular moment may only be determined subsequent to a review of the facts and circumstances of the individual case. As stated in St. Paul Fire & Marine Insurance Company v. Roberts, 331 So.2d 529, 537 (La.App. 1st Cir.1976), citing 53 Am. Jur.2d Master and Servant, § 427 (1970),
[T]he factors considered in making such a determination include the time the act was committed, meaning whether at a time the employee was obligated to perform a duty for his employer. Also to be considered are the place, circumstances and purposes of the act insofar as it may reasonably relate to or foster the employer's business. Additionally, the motive of the employee in performing the act is of paramount importance, as also are the questions of whether the act is one usually performed by employees engaged in similar capacities and whether the employer had reason to expect such an act would be performed by the employee.
Subsequent to a review of the circumstances surrounding the accident in question, we do not believe that Vincent was acting within the course and scope of his employment with Co-Mar. Vincent was not attending to the business of his employer rather, he and McMellon were on a personal mission for McMellon, the purchase of cigarettes. Vincent visited with friends, shot a couple of games of pool and had a few beers. These are not the activities of one furthering the business of his employer.
We must also state, however, that even absent consideration of whether Vincent was acting within the course and scope of his employment, we would still conclude that the Penn-America policy does not provide coverage. The policy language at issue is clear and unambiguous. See, Insurance Company of North America v. Solari Parking, Inc., 370 So.2d 503 (La.1979). It specifically provides coverage for non-owned automobiles "but only while used in your [Co-Mar's] business or your personal affairs." Although it was common practice for Co-Mar employees to use their personal vehicles to run company errands, this was not one of those instances. Vincent and McMellon were not attending *968 to company business but, rather, were attending to personal matters. Neither Vincent nor McMellon were within the ambit of protection afforded by the Penn-America policy at the time of the collision.
Price additionally argues that it is inconsistent for the jury to have concluded that Vincent was not acting within the course and scope of his employment, while the trial judge, in granting McMellon's motion for a judgment notwithstanding the verdict, concluded that McMellon was in the service of the ship.[1] We see no inconsistency.
The phrases "in the course and scope of employment" and "in the service of the ship" are legal terms of art having technical meanings. Whether Vincent was in the course and scope of his employment was at issue only to resolve the question of insurance coverage. It was at issue, in other words, only as a matter of contractural interpretation. Whether McMellon was in the service of the C/Ravenger was at issue only to resolve his right to recover seaman's maintenance and cure. The legal underpinnings of the two phrases are entirely distinct and, therefore, it is possible for McMellon to recover under one theory, while denying Price or Vincent recovery under the other.
As a matter of further clarification, whether a seaman is "in the service of the ship" is interpreted considerably more liberally than whether an employee is in the "course and scope of his employment." Although a seaman is an employee just like any other employee, the nature of the seaman's employment is unique. Seamen often work under dangerous circumstances, live for considerable periods of time in confined quarters, and are often in unfamiliar ports of call. It is for these reasons, among others, that seamen have been deemed to be in need of special protection, and the issue of whether an injured seaman was "in the service of the ship" and entitled to maintenance and cure, has been liberally interpreted. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 (1949); Socony-Vacuum Oil Co., Inc. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265 (1939); In the Matter of Jama, 436 F.Supp. 963 (M.D.Fla.1977).
For the above and foregoing reasons, the judgment of the district court is affirmed as follows:
(1) The judgment of the district court in favor of Michael O. Price and against Chadwick Vincent and Colony Insurance Company, in solido, for $50,000.00 is affirmed; and
(2) The judgment of the district court limiting Colony Insurance Company's solidary liability to the extent of its policy limits, $5,000.00 for Michael O. Price is affirmed.
All costs of this appeal are assessed against Michael O. Price.
AFFIRMED.
NOTES
[1] The issue of whether Vincent was in the service of the ship and entitled to maintenance and cure was not before the court.