WILSON v GILDE

Docket No. 152021. Submitted December 8, 1993, at Grand Rapids.
Decided March 21, 1994, at 9:40 A.M.

Jacqueline L. Wilson, as personal representative of the estate of
Robert G. Wilson, brought a wrongful death action in the Kent
Circuit Court against Henry J. Gilde and Leonard W. Gilde
after Robert Wilson was killed when a car he was driving
collided with a truck that was owned by Leonard Gilde and
being driven by Henry Gilde. At the time of the accident,
Henry Gilde was transporting apples from Leonard Gilde's
orchard to a cider mill that would have purchased the apples.
The parties agreed on a settlement amount that was to be paid
by Leonard Gilde's insurer and State Farm Mutual Automobile
Insurance Company in the event that the court determined
that there was liability coverage under two State Farm automo-
bile insurance policies issued to Henry Gilde. The court, Dennis
C. Kolenda, J., subsequently determined that there was no
coverage under the State Farm policies. The plaintiff appealed.

The Court of Appeals *held:*

The State Farm policies issued to Henry Gilde unambigu-
ously excluded liability coverage for nonowned cars used for
business. The apple truck was not owned by Henry Gilde and it
was being used for business at the time of the accident.

Affirmed.

*Gruel, Mills, Nims & Pylman* (by *Scott R. Mel-
ton*), for Jacqueline L. Wilson.

*Cholette, Perkins & Buchanan* (by *Robert E.
Attmore*), for State Farm Mutual Automobile In-
surance Company.

Before: MICHAEL J. KELLY, P.J., and CONNOR and
A. A. MONTON,* JJ.

CONNOR, J. Plaintiff appeals as of right from an

* Circuit judge, sitting on the Court of Appeals by assignment.

order of summary disposition in favor of State Farm Mutual Automobile Insurance Company. We affirm.

Robert Wilson was killed when the car he was driving collided with a truck owned by Leonard Gilde. Leonard's brother Henry Gilde was driving the truck at the time, taking apples from Leonard's apple orchard to a cider mill.

At issue is whether State Farm Mutual Insurance Company insured Henry Gilde for liability incurred in the accident. Henry had two automobile insurance policies with State Farm that provided him with liability coverage in some situations. Both policies state:

> The liability coverages extend to the use, by an insured, of a . . . non-owned car.

The parties agree that Henry is an insured under both policies and that Leonard's truck was a non-owned car.

Both policies also state:

> THERE IS NO COVERAGE FOR NON-OWNED CARS:
>
> \*  \*  \*
>
> 2. WHILE:
>
> a. BEING REPAIRED, SERVICED OR USED BY ANY PERSON WHILE THAT PERSON IS WORKING IN ANY CAR BUSINESS; OR
>
> b. USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a private passenger car driven or occupied by the first person named in the declarations, his or her spouse or their relatives.

Henry was the first person named in the policies' declarations. However, there is no doubt that Leonard's truck was not a private passenger car as defined by the policies. There is also no doubt that,

at the time of the accident, Leonard's truck was not being used in any car business as defined in the policies.

The trial court found that the language unambiguously excluded Henry from liability coverage under the policies. Plaintiff argues that this ruling is contrary to the decision reached in *Rossman v State Farm Ins Cos,* 184 Mich App 618; 459 NW2d 72 (1990). In *Rossman,* a case dealing with identical policy language, this Court found ambiguity in the words "business or occupation," and construed that ambiguity against the insurance company to find that the policy extended liability coverage to a volunteer fire fighter driving a fire truck. Plaintiff argues that, because Henry was volunteering to help with Leonard's apple orchard, and because apple growing was not Leonard's primary business or occupation, under *Rossman,* the policy must provide coverage.[1]

We find the analysis in *Rossman* to be flawed and decline to follow it. We agree with the trial court that the language of the policy unambiguously precludes coverage in this case.

The policy states that there is no coverage for a nonowned car while used in any other business or occupation. At first glance, there appears to be ambiguity in the use of the word "other": what is the "primary" business that is being distinguished from all other businesses and occupations? By following the punctuation of the policy, this ambiguity is easily eliminated. The primary business being distinguished from all others is the "car business" that is mentioned in the clause immediately preceding.

The policy distinguishes between the car busi-

---

[1] Judge MICHAEL J. KELLY dissented in *Rossman, supra* at 624, finding that the exclusion should apply to a part-time volunteer fire fighter driving a fire truck.

ness and all other businesses and occupations for reasons not relevant to this appeal. Because we are not dealing with a private passenger car or the car business, the applicable policy language in this case is, "There is no coverage for nonowned cars while used in any business or occupation."

This policy language does not focus inquiry on how Henry or Leonard earn a living, but on how the nonowned car is being used. At the time of the accident, Leonard's truck was being used to take apples to a cider mill. Plaintiff does not dispute that the apples were going to be sold at the cider mill, not processed for Leonard's personal consumption.

Insurance policy language is to be given its ordinary and plain meaning, but ambiguities are to be construed against the insurance company to provide coverage. See *Farm Bureau Mutual Ins Co v Stark,* 437 Mich 175, 181-182; 468 NW2d 498 (1991). An insurance policy is ambiguous if its words may be understood in different ways: that is, if a fair reading of the entire policy leads one to understand that there is coverage in a particular situation, and another fair reading of it leads one to understand there is no coverage in the same situation. *Id.*

Words are by nature flexible things, with meanings that can vary significantly; but however amorphous the meaning of words may be, there is no fair reading of these policies that would lead someone to conclude that either policy provides coverage in this case. Selling apples by the truckload is a business. Because the policies unambiguously exclude coverage for nonowned cars used for business, the trial court properly granted State Farm summary disposition.

Affirmed.