David ALDERFER and Kathy Alderfer, Appellants–Defendants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee–Plaintiff,

and

Daniel Lybarger, Appellee–Defendant.

No. 43A03–9512–CV–415.

Court of Appeals of Indiana.

Sept. 12, 1996.

Karl L. Mulvaney, James P. Strenski, Andrea M. Roberts, Bingham Summers Welsh & Spilman, Indianapolis, R.T. Green, Blackburn & Green, Ft. Wayne, for Appellants-Defendants.

John D. Ulmer, Michael F. De Boni, Yoder, Ainlay, Ulmer & Buckingham, Goshen, for Appellees.

## OPINION

GARRARD, Judge.

David and Kathy Alderfer (collectively "Alderfer") appeal the entry of summary judgment against them in this declaratory judgment action based upon an automobile policy exclusion clause. We affirm.

## FACTS

On July 29, 1991, David Alderfer, a member of the Mentone Volunteer Fire Department, was inspecting a fire truck when he was struck by another fire truck being inspected and operated by Daniel Lybarger, also a volunteer firefighter. David sustained

serious injuries as a result of being pinned between the two trucks.[1]

At the time of the accident Lybarger was insured under an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company (State Farm) to his parents, Jon and Judy Lybarger. The policy provided liability coverage for a relative operating a non-owned car. However, the policy also contained the following exclusion:

THERE IS NO COVERAGE FOR *NON-OWNED CARS:*

. . . .

2. WHILE:

a. BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORKING IN ANY *CAR BUSINESS;* OR

b. USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passenger car* driven or *occupied* by the first *person* named in the declarations, his or her *spouse* or their *relatives.*

(R. 93).

State Farm filed a complaint for declaratory judgment on July 21, 1994, contending that there was no coverage for the fire truck operated by Daniel Lybarger. The court granted State Farm's motion for summary judgment on August 16, 1995, finding that the use of the word "any" in the exclusion "is all inclusive and therefore includes the occupation of firefighter whether or not that occupation is the activity in which one is primarily engaged." (R. 393). Alderfer appeals.

## DISCUSSION

Our resolution of this case requires us to address only one issue: whether the exclusion for non-owned cars used in any other business or occupation precludes liability. We affirm.

■ The provisions of an insurance contract are subject to the same rules of construction as other contracts, and construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Great Lakes Chemical Corp. v. International Surplus Lines Ins. Co.,* 638 N.E.2d 847, 850 (Ind.Ct.App.1994), *reh'g denied.* Insurers are free to limit coverage to meet their needs. However, all exceptions, limitations and exclusions must be plainly expressed, and if the exclusion or limitation is not clearly expressed, any doubts will be construed against the contract drafter. *Allstate Ins. Co. v. United Farm Bureau Mut. Ins. Co.,* 618 N.E.2d 31, 33 (Ind.Ct.App.1993). An unambiguous policy must be enforced according to its terms, even those terms which limit the insurer's liability. *Pennington v. American Family Ins. Group,* 626 N.E.2d 461, 464 (Ind.Ct.App.1993).

■ We find that the language of the exclusion is clear and unambiguous: "There is no coverage for non-owned cars ... while ... used in any other business or occupation." In particular, we note the use of the word "any" in the policy. This language requires a more inclusive reading of the exclusion. Although Lybarger's position as a volunteer firefighter was not his principal employment, it nevertheless constituted a substantial commitment. Lybarger was elected as a junior firefighter in October of 1990. Members of the Mentone Volunteer Fire Department must complete certain training requirements. Further, a prospective member must complete an application process and must be accepted by a vote of the fire department members. It is not uncommon to be involved in a business aside from one's primary occupation, and, certainly, being a volunteer firefighter is more than a hobby or a recreational activity. Being a volunteer firefighter clearly qualifies as "any other business or occupation."[2]

Alderfer directs our attention to *Rossman v. State Farm Ins. Companies,* 184 Mich.

---

1. In a separate negligence action filed against Lybarger, Lybarger was found liable for damages in the amount of $575,000.00.

2. Alderfer cites *Asbury v. Indiana Union Mut. Ins. Co.,* 441 N.E.2d 232 (Ind.Ct.App.1982), which made reference to the definitions of business as "a commercial or mercantile activity"

and of occupation as "one's regular business or employment, also whatever one follows as the means of making a livelihood." *Id.* at 237 (quoting *Home Ins. Co. v. Aurigemma,* 45 Misc.2d 875, 257 N.Y.S.2d 980 (1965), citing Webster's Third New International Dictionary). However, *Asbury* involved a home owner's policy which excluded "business property in storage." *Id.* at

App. 618, 459 N.W.2d 72 (1990), which addressed policy language identical to that before us and also involved a part-time firefighter, whose primary employment was as a carpenter. While the court conceded that, under a general definition the position of volunteer firefighter would qualify as a business or occupation, the court nevertheless concluded that the exclusion should be read to refer only to a principal business or occupation.

This decision was rejected in *Wilson v. Gilde,* 204 Mich.App. 251, 514 N.W.2d 520 (1994), which also interpreted the same policy language. In *Wilson,* the insured had been driving a non-owned car while volunteering to help at his brother's apple orchard business. The court noted that this type of policy exclusion is focused not on how the insured earns a living, but on how the non-owned car is being used. *Id.* 514 N.W.2d at 521. As selling apples is a business, and the policy unambiguously excluded coverage for a non-owned car used for business, the court held that there was no coverage. *See also Reiter v. State Farm Mut. Auto. Ins. Co.,* 357 F.Supp. 1006 (E.D.Ark.1973) (use of "any" is all inclusive; thus, assistant chief of fire department was using fire truck "in any other business or occupation"); *but see Michigan Mut. Liability Co. v. Stallings,* 523 S.W.2d 539 (Mo.App.1975) (part-time National Guard duty not a "business or occupation").

We conclude that the clear language in this personal automobile policy was that a non-owned vehicle would not be covered while used in any business or occupation. Because the position of volunteer firefighter is a business or occupation, summary judgment was properly granted.

Judgment affirmed.

SULLIVAN, J., concurs.

ROBERTSON, J., concurs in result.

234. Further, Webster's also includes more general definitions of "business" and "occupation."

Thus, we are not bound by the definitions used in *Asbury.*