(961 P.2d 64)

No. 78,219

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE INSURANCE COMPANY, *Appellants/Cross-Appellees*, v. VALORIE LANE, LOUIE F. LAWYER, EDWARD CRUMBY, and T. J. CRUMBY, *Defendants,* and CAROL JOANNE STEVENSON and JOHN STEVENSON, *Appellees/Cross-Appellants*.

Opinion filed June 19, 1998.

*Douglas M. Greenwald* and *Clifford T. Mueller*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellants/cross-appellees.

*Donald W. Vasos* and *David A. Hoffman*, of Law Offices of Donald W. Vasos, of Shawnee Mission, for appellees/cross-appellants.

Before Lewis, P.J., Green, J., and John W. White, District Judge, assigned.

Green, J.: This litigation involves a declaratory judgment action brought by State Farm Automobile Insurance Company and State Farm Fire Insurance Company (State Farm) for a determination of whether they owed any additional bodily injury liability coverage to Carol Joanne Stevenson (Carol), a car accident victim, and to her husband, John Stevenson. Both parties moved for summary judgment. The trial court denied State Farm's summary judgment motion but granted, in part, the Stevensons' summary judgment motion, holding that additional liability coverage existed for Carol's accident in the amount of $100,000. On appeal, State Farm contends that the trial court erred in stacking the liability coverages. We agree. The Stevensons cross-appeal and contend that State Farm has liability coverage up to $200,000. We disagree. Accordingly, we reverse the judgment of the trial court.

The underlying facts of this case are not disputed. On July 5, 1994, Louie F. Lawyer was involved in an accident with Carol. The accident occurred in Lee's Summit, Missouri. Lawyer was driving a dump truck owned by Valorie Lane. Lane was involved in a hauling business with brothers T. J. and Edward Crumby. Carol sustained severe physical injuries in the accident. As a result, Carol and her husband sued Lane, d/b/a Lane Hauling, Lawyer, and T. J. Crumby and Edward Crumby, d/b/a Crumby Auto Sales & Hauling Services, under several theories, in Jackson County, Missouri. The parties agreed that when the accident occurred, Lawyer was driving Lane's dump truck in the course and scope of his employment with Lane or the Crumbys, or both, and in furtherance of their hauling business.

Lane's dump truck was insured by State Farm. State Farm also insured Lane's two other dump trucks, with bodily injury liability limits of $100,000 per person; two dump trucks owned by T.J. Crumby, with bodily injury liability limits of $100,000 per person; Lane and Edward Crumby's Chevrolet Blazer, with a bodily injury liability limit of $25,000; and Edward Crumby's GMC pickup truck, with a bodily injury liability limit of $25,000. All of the policies were Kansas policies.

The Stevensons settled with the defendants and State Farm in the Missouri action. As part of the settlement, State Farm paid into the court $100,000, the bodily injury limit of liability on Lane's policy insuring the dump truck involved in the accident. The Stevensons released Lane, Lawyer, and the Crumbys from any personal liability but reserved their right to pursue all applicable insurance proceeds and interest "to the extent of any unpaid, applicable liability insurance coverage up to the amount of $200,000.00, plus interest at the statutory rate."

Next, State Farm moved for declaratory judgment, claiming that the $100,000 already paid to the Stevensons was the full limit of its liability under any of the six additional policies issued to Lane and the Crumbys. Both State Farm and the Stevensons moved for summary judgment. In a memorandum decision, the trial court denied State Farm's motion and granted the Stevensons' motion in part. The trial court held that the Stevensons could stack liability coverage under one of the Crumbys' dump truck policies on top of Lane's primary liability coverage and that the Stevensons could, therefore, recover an additional $100,000. In a supplemental memorandum, the trial court clarified its ruling and reiterated its earlier decision that State Farm's exposure to the Stevensons was limited to an additional $100,000 under one of the Crumbys' policies.

Both State Farm's and the Stevensons' arguments regarding any additional liability coverage, in addition to Lane's primary liability coverage for $100,000, were made under the "non-owned car" liability coverage included in each of the six additional policies. Nevertheless, in determining that the non-owned car coverage exclusion was inapplicable, the trial court stated:

> "Stacking the employer's (Crumby's) policy on top of Lane's primary coverage is the issue here; not whether Crumby's policy should (additionally) cover Lane's 'non-owned' vehicle because it was or was not used in 'some business'.
>
> "Even if it did, this Court finds that *Lane's borrowed truck was not being used in the car business or any 'other' business, except the Crumby's venture,* which was the named insured as declared in the policy." (Emphasis added.)

On appeal, both parties disagree with the trial court's stacking analysis and focus on the non-owned car business exclusion.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260, 891 P.2d 435 (1995). Here, the facts are essentially undisputed. Whether the trial court erred in granting the Stevensons summary judgment depends upon the construction given the language of the policy.

Our Supreme Court has frequently observed that " '[a]s a general rule, the construction and effect of a contract of insurance is a matter of law to be determined by the court. If the facts are admitted, then it is for the court to decide whether they come within the terms of the policy.' *Farm Bureau Mut. Ins. Co. v. Horinek*, 233 Kan. 175, Syl. ¶ 1, 660 P.2d 1374 (1983)." *Harris v. Richards*, 254 Kan. 549, 552, 867 P.2d 325 (1994). Moreover, this court recently reviewed the rules of construction for insurance contracts in *Oetinger v. Polson*, 20 Kan. App. 2d 255, 257-58, 885 P.2d 1274 (1994), *rev. denied* 256 Kan. 996 (1995) (quoting *U.S.D. No. 259 v. Sloan*, 19 Kan. App. 2d 445, 452-53, 871 P.2d 861 [1994]):

" ' "The construction of a written instrument is a question of law, and the instrument may be construed and its legal effect determined by an appellate court." [Citation omitted.] "Whether an instrument is ambiguous is a matter of law to be decided by the court." [Citation omitted.] This court's review of questions of law is unlimited. [Citation omitted.]' "

Turning our attention to the trial court's decision allowing the stacking of the Crumbys' policy on top of Lane's primary coverage policy, we determine that the trial court erred in stacking those two policies. Both policies contained the following anti-stacking language: "If two or more vehicle liability policies issued by us to *you* apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability."

As stated earlier, Lane owned three dump trucks, each of which was separately insured by State Farm with per person bodily injury liability limits of $100,000. As to claims for coverage under these Lane policies, the Stevensons were limited to the $100,000 tendered into court in the underlying personal injury action because that amount represented the "highest limit of liability" of any single

Lane policy. Because the Stevensons in their motion for summary judgment did not pursue a claim for additional insurance coverage under policies issued to Lane, there was no reason for the trial court to construe or apply the anti-stacking clause. On the other hand, had the Stevensons advanced a claim under the Lane policies, the anti-stacking clause would have been relevant.

State Farm defines a non-owned car as "a *car* not owned by or registered or leased in the name of . . . *you, your spouse*; . . . any *relative* . . . any other *person* residing in the same household as *you, your spouse* or any *relative*; or . . . an employer of *you, your spouse* or any *relative.*" Because Lane owned the 1974 dump truck involved in the collision with Carol, the truck was not a non-owned car under Lane's other liability insurance policies but was a non-owned car under policies issued to the Crumbys.

Accordingly, if any additional liability coverage existed under the Crumbys' policies for use of the Lane dump truck on the date of the accident, the coverage would have had to come from the non-owned car part of the policies. As a result, the trial court erred in determining the liability coverage under the Crumbys' policies was a stacking question. Nevertheless, "[a] trial court decision which reaches the right result will be upheld, even though the trial court may have relied upon the wrong ground or assigned erroneous reasons for its decision." *Bank of Kansas v. Davison*, 253 Kan. 780, 792, 861 P.2d 806 (1993). See *Kelly v. Primeline Advisory, Inc.*, 256 Kan. 978, 988, 889 P.2d 130 (1995); *In re Estate of Murdock*, 20 Kan. App. 2d 170, 175, 884 P.2d 749 (1994).

Both State Farm and the Stevensons agree that the Lane dump truck is a non-owned car with regard to the Crumbys' policies because Lawyer was not the named insured and was not a spouse or relative of the Crumbys. However, State Farm and the Stevensons disagree as to whether coverage is excluded under the following clause:

"THERE IS NO COVERAGE FOR *NON-OWNED CARS*:

. . . .

"2. WHILE:
    a.   BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORKING IN ANY *CAR BUSINESS*; OR
    b.   USED IN ANY OTHER BUSINESS OR OCCUPATION."

State Farm reasons that under subsection 2.a., the policy excludes a non-owned car used in any car business, and that under 2.b., the policy excludes a non-owned car used in any other business *including the business of the insured.* On the other hand, the Stevensons argue that the trial court's interpretation that 2.b. excludes non-owned vehicles used in any business *other than the primary business of the insured* is a reasonable interpretation. The Stevensons further argue that if the non-owned car exclusion is susceptible to more than one interpretation, it is ambiguous and should, therefore, be construed against State Farm.

In determining whether an insurance policy is ambiguous, our court has stated that a court is required to interpret an insurance policy in the same manner that " ' "a reasonable person in the position of the insured would understand it to mean.' " [Citation omitted.]" *Crescent Oil Co. v. Federated Mut. Ins. Co.*, 20 Kan. App. 2d 428, 433, 888 P.2d 869 (1995). An insurance policy is not ambiguous unless there is a "genuine uncertainty as to which of two or more possible meanings is proper." 20 Kan. App. 2d at 433. The policy must be read as a whole. *Lightner v. Centennial Life Ins. Co.*, 242 Kan. 29, 35, 744 P.2d 840 (1987).

In addition, this court has consistently stated that we may not rewrite the parties' contract, "When an insurance policy is not ambiguous, the court may not make another contract for the parties." *Saucedo v. Winger*, 22 Kan. App. 2d 259, 260, 915 P.2d 129 (1996). See also *Metropolitan Life Ins. Co. v. Strnad*, 255 Kan. 657, Syl. ¶ 8, 876 P.2d 1362 (1994) ("Where the language of the contract is clear and can be carried out as written, there is no room for construction or modification of the terms.").

State Farm argues that the language of the non-owned car exclusion is clear and unambiguous when both parts of the exclusion are read together. State Farm reasons that the reference in 2.b. to

"any other" business clearly refers to any business other than the car business when read in conjunction with 2.a.

Conversely, the Stevensons argue that as the insurer and drafter of the insurance contract, State Farm has the burden of demonstrating that coverage is excluded. The Stevensons reason that State Farm's failure to define "other business" in its manuals or instructional materials leaves the meaning of the term open. Moreover, the Stevensons maintain that the exclusion is ambiguous and that courts are divided in interpreting "other business" as used in State Farm's non-owned car exclusion. For support, the Stevensons cite *Rossman v. State Farm Ins. Cos.*, 184 Mich. App. 618, 459 N.W.2d 72 (1990), *lv. to appeal denied* 437 Mich. 1025 (1991).

In *Rossman*, a case dealing with identical policy language, the Michigan Court of Appeals found ambiguity in the words "other business or occupation" and construed that ambiguity against the insurance company to find that the policy extended liability coverage to a *volunteer* firefighter driving a fire truck. The *Rossman* court reasoned that under various definitions "other business or occupation" might or might not include volunteer activities. However, *Rossman* is of little value to the Stevensons as it is undisputed that Lawyer was driving the dump truck in the furtherance of Lane's and the Crumbys' hauling businesses. Moreover, in a later decision, *Wilson v. Gilde*, 204 Mich. App. 251, 514 N.W.2d 520 (1994), the Michigan Court of Appeals acknowledged but declined to follow *Rossman* and found State Farm's non-owned car business exclusion clear and unambiguous.

In *Wilson*, the insured, Henry Gilde, volunteered to help with his brother Leonard's apple orchard business by driving a truckload of apples to the cider mill. While driving Leonard's truck, Henry was involved in an accident. The parties agreed that Henry was an insured under his State Farm policy and that Leonard's truck was a non-owned car. However, the parties disagreed as to whether coverage was excluded under the non-owned car business exclusion. Plaintiff argued that under *Rossman*, Henry's volunteer activities should be covered. However, in disagreeing, the *Wilson* court explained:

"The policy states that there is no coverage for a nonowned car while used in any other business or occupation. At first glance, there appears to be ambiguity in the use of the word 'other': what is the 'primary' business that is being distinguished from all other businesses and occupations? By following the punctuation of the policy, this ambiguity is easily eliminated. The primary business being distinguished from all others is the 'car business' that is mentioned in the clause immediately preceding.

"The policy distinguishes between the car business and all other businesses and occupations for reasons not relevant to this appeal. Because we are not dealing with a private passenger car or the car business, the applicable policy language in this case is, 'There is no coverage for nonowned cars while used in any business or occupation.'

"This policy language does not focus inquiry on how Henry or Leonard earn a living, but on how the nonowned car is being used. At the time of the accident, Leonard's truck was being used to take apples to a cider mill. Plaintiff does not dispute that the apples were going to be sold at the cider mill, not processed for Leonard's personal consumption.

. . . .

"Words are by nature flexible things, with meanings that can vary significantly; but however amorphous the meaning of words may be, there is no fair reading of these policies that would lead someone to conclude that either policy provides coverage in this case. Selling apples by the truckload is a business. Because the policies unambiguously exclude coverage for nonowned cars used for business, the trial court properly granted State Farm summary disposition." 204 Mich. App. at 253-54.

State Farm cites *Wilson*; *State Farm Mut. Auto. Ins. Co. v. Lewis*, 514 So. 2d 863, 865 (Ala. 1987), and several other cases which hold that State Farm's non-owned car exclusion clearly and unambiguously excludes coverage for business uses *including the business of the insured.*

Although there are no Kansas cases construing State Farm's non-owned car business exclusion, we are persuaded by the earlier cases cited by State Farm that its non-owned car exclusion unambiguously excluded coverage for business uses, including the business or occupation of the insured. Moreover, as to the Stevenson's cross-appeal, we determine that State Farm had exhausted all of its liability coverage owed to the Stevensons under all insurance policies issued to Lane, T. J. Crumby, and Edward Crumby when it paid into court the $100,000, which represented the bodily injury limit of liability on Lane's policy insuring the dump truck involved in the collision.

As a result, we reverse the judgment of the trial court in favor of the Stevensons and remand this case with directions to enter judgment in favor of State Farm.

Reversed and remanded with directions.